Harry Lee JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 88 197 CR.

Court of Appeals of Texas, Beaumont.

May 3, 1989.

Harry L. Jackson, Rosharon, pro se.

Tom Maness, John R. DeWitt, Beaumont, for State.

## OPINION

BROOKSHIRE, Justice.

The opinion issued on this cause on April 26, 1989, is hereby withdrawn and the following opinion is substituted.

The Appellant was indicted for the act of intentionally and knowingly, while in the course of committing theft of property, threatening and placing the complainant, one Jake Daleo, III, in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely: a firearm. The indictment further alleged that he had been convicted of three felony offenses prior to the commission of the primary offense. Before trial on the issue of guilt-innocence, Appellant pleaded not guilty. The trial was to a jury, which found Appellant guilty of aggravated armed robbery as alleged in the indictment. At the punishment stage the Appellant pleaded untrue to all enhancement allegations in the indictment. The jury found that Appellant was previously convicted of the offenses as alleged, found him guilty of an enhanced first degree felony and sentenced him to fifty years confinement in the Texas Department of Corrections. Appellant now brings forward a pro se appeal. He asserts twenty-one points of error.

The undisputed facts of the case, as stated in the record, are as follows. On June 8, 1987, Jake Daleo, III, (hereinafter styled complainant), according to his testimony, entered the premises of Dickie's Discount Liquor Store in Beaumont, where he was part-owner, at about 5:45 p.m. Upon doing so, he found a man, whom he identified as the Appellant, holding a gun and screaming hysterically. The complainant stated that he saw another co-owner, one Mark Lawson, tied up behind the store counter. He testified that Appellant told him he was committing a robbery, then forced the complainant to move behind the counter into the office area and kneel down. The complainant stated that Appellant threatened to kill him if he moved and then proceeded to take a money box from the register filled with checks and cash. Complainant then said that Appellant again threatened to kill his victims, and then ran out of the store, carrying the money box with him. Complainant then grabbed a gun kept in the store and chased Appellant for several blocks, firing at him several times. Complainant then testified that Appellant dropped the money box and ran away, limping as though he had been shot. Complainant stated that he scooped up the cash box with the money, some $8,000 of which was in checks, and returned to the store.

Officers David Froman and David Kiker of the Beaumont Police Department testified for the State. Both testified that they responded to a dispatcher's report that shots had been fired in the area where the robbery occurred. Upon arrival, Officer Froman testified that a black woman came to him and told him that a robbery had taken place at a liquor store and that the robber had just run past her. The officers testified that a search of the area resulted in the apprehension of Appellant, who they found hiding under a house near the scene of the robbery.

Appellant was then transported to the scene of the robbery. Complainant testified that he went to the squad car where Appellant was sitting. He then stated that he was asked by the officers if Appellant was the man who robbed the store. Complainant then stated that he identified Appellant as the robber as he sat in the squad car.

In his pro se brief, Appellant has failed to include references to the record in the synopsis of his points of error presented at the beginning of his brief. Such inclusions are required by *TEX.R.APP.P. 74(d)*. Therefore, such multifarious points of error present nothing for review. However, in the interest of justice, we shall deal with Appellant's claims under his points of error, if the record references and argument under the point of error sufficiently direct our attention to the objections underlying each issue contained therein. *TEX.R. APP.P. 74(d), (f)(2); Holland v. State*, 761 S.W.2d 307 (Tex.Crim.App.1988); *Hollins v. State*, 571 S.W.2d 873 (Tex.Crim.App. 1978).

In Appellant's first point of error, he asserts that the court erred in overruling his pre-trial motion to suppress evidence seized as a result of what he asserts to be an unlawful detention. Officer Kiker stated at trial that he arrested Appellant because he was under a house near the area where the robbery occurred and that he fit the description given him by Officer Froman. Froman gained the description from a woman who allegedly saw Appellant flee the store. The arresting officers had reasonably trustworthy information which would warrant a reasonable man in believing that Appellant had committed the crime and was about to escape. Therefore, the officers met the test for probable cause for a warrantless arrest. *Brown v. State,* 481 S.W.2d 106 (Tex.Crim.App.1972); *Adkins v. State,* 764 S.W.2d 782 (Tex.Crim. App.1988); *TEX.CODE CRIM.PROC.ANN. art. 14.04* (Vernon 1977). Appellant's first point of error is overruled.

Appellant's second point of error asserts that the trial court erred in failing to suppress the in-court identification, of Appellant as the robber, made by the complainant. He claims that the identification was based upon the one to one show-up conducted at the robbery scene, at which the complainant also identified Appellant as the perpetrator of the crime. Appellant asserts that the identification at trial is illegally tainted by such identification at the show-up. Appellant's twelfth point of error also involves the one-to-one show-up; he claims that error occurred when the arresting officers read Appellant his *Miranda* rights, then transported him to the scene of the robbery to be identified without the presence of counsel. Related to both points of error is point of error fifteen, in which error is claimed to have occurred when complainant picked out Appellant's photograph as that of the robber out of a mug book the day after the robbery. That fact was discovered during the pre-trial hearing on the motion to suppress complainant's in-court identification of Appellant. Appellant also alleges that the jury should have been able to view the photograph at issue, and, in any case, that

photo identification improperly tainted the in-court identification.

First, the show-up at the crime scene, which occurred about ten minutes after his arrest, was not improper. Officer Froman testified at the trial that the confrontation was transacted to identify the suspect, or release him without unwarranted detention if he turned out to be innocent. Such motive for a show-up a short time after apprehension has been held proper. *Cole v. State,* 474 S.W.2d 696 (Tex.Crim.App.1972).

Second, even assuming that the show-up confrontation was improper, complainant's testimony clearly demonstrated that his identification of Appellant came from viewing his actions at the time of the robbery. This constitutes identification from an independent source, bereft of improper taint or suggestiveness, and, therefore, admissible at trial. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Appellant, on appeal, has failed to prove by clear and convincing evidence that an improper taint had discredited the at-trial identification. *Holloway v. State,* 691 S.W.2d 608 (Tex.Crim. App.1984). Furthermore, no causal connection existed between the complainant's personal identification in the liquor store and the arrest, and the identification was not the fruit of the arrest. *United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980); *Pichon v. State,* 683 S.W.2d 422 (Tex.Crim.App.1984), *cert. denied,* 471 U.S. 1137, 105 S.Ct. 2680, 86 L.Ed.2d 698 (1985).

It is undisputed that formal criminal proceedings had not begun, and that the right to counsel was not necessary at this point to protect a known right or safeguard of Appellant. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Moran v. Burbine,* 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). Probable cause for an officer to detain a person temporarily for investigative purposes exists where the circumstances reasonably indicate that the suspect either has or is preparing to commit a crime. *Brown v. State, supra,* at 110. Therefore, the

right to counsel did not attach and Appellant was not entitled to have such counsel present either under the federal or state constitutions. *Moran, supra; Brown, supra.* The Court of Criminal Appeals has affirmatively written that it will interpret the Texas Constitution in harmony with the United States Supreme Court's opinions construing the Federal Constitution. The high Court in Austin pledged: *"We shall continue on this path until such time as we are statutorily or constitutionally mandated to do otherwise."* (Emphasis added.) *Brown v. State,* 657 S.W.2d 797, 799 (Tex.Crim.App.1983). Finally, the testimony concerning the viewing of the mug book by complainant did not improperly taint the in-court identification. The evidence was before the court concerning the mug shots along with all other testimony, and the determination of the in-court identification as coming from an independent source was the proper function and decision of the trial judge. *Herrera v. State,* 682 S.W.2d 313 (Tex.Crim.App.1984), *cert. denied,* 471 U.S. 1131, 105 S.Ct. 2665, 86 L.Ed.2d 282 (1985). Appellant's points of error two, twelve and fifteen are overruled.

Appellant claims, in his third point of error, that the trial court erred in failing to rule on or grant his speedy trial motion. He refers to Exhibits A and B in his brief for his "Motion to Set Aside An Indictment For Violation Of Rights To A Speedy Trial." His arrest occurred on June 8, 1987, and he was brought to trial on June 21, 1988. He was originally indicted under cause number 48899, but was reindicted under cause number 49904 on March 3, 1988, which was the cause number under which Appellant was tried and convicted. Appellant's above-mentioned motion was filed in cause number 48899 and was never carried forward into cause number 49904; and, further, was never included in the record as presented to the trial court or ruled upon. Nothing is preserved for review; also, Appellant may not predicate error on the trial court's failure to rule on a motion when he failed to call that motion to the court's attention. *Hackbarth v. State,* 617 S.W.2d 944 (Tex.Crim.App.1981).

Even if such motion were filed properly, Appellant's motion fails because it was based upon the Speedy Trial Act. *TEX.CODE CRIM.PROC.ANN. art. 32A.02* (Vernon Supp.1989). The Act was declared unconstitutional in *Meshell v. State,* 739 S.W.2d 246 (Tex.Crim.App.1987). Also, it is clear that the one-year delay between the time of arrest and the time of trial was not a violation of Appellant's constitutional right to a speedy trial under either the federal or state constitutions, absent deliberate action by the State to delay or a showing that Appellant was prejudiced. *U.S. CONST. amend. VI* (1987); *TEX. CONST. art. 1, sec. 10* (Vernon 1984); *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Haas v. State,* 498 S.W.2d 206 (Tex.Crim.App. 1973). Appellant's third point of error is overruled.

In Appellant's fourth point of error, he alleges that error occurred when he was not rearrested to answer for the reindictment in cause number 49904. The record shows the opposite is the case. A capias was issued on March 3, 1988, the same day of the indictment, and the record shows that the Appellant was formally rearrested on March 8, 1988, as stated on the sheriff's return. The objection stated in the argument on this point was that Appellant was held from time of initial arrest, June 8, 1987, until April 28, 1988, so that the police could investigate his case. This argument is without merit. Therefore, Appellant's fourth point of error is overruled.

Appellant's point of error five alleges that the trial court erred in overruling his "Motion To Quash The Indictment." He urges in his brief that the indictment merely alleged the elements of *TEX.PENAL CODE ANN. sec. 29.03* (Vernon 1989), and, since it was not completely descriptive of the elements of the offense, it was deficient. The record reflects that Appellant never brought this motion to the attention of the trial court; nor was it ruled upon. Therefore, nothing is preserved for review. *Hackbarth v. State, supra.* Furthermore, under *Section 29.03,* an indictment for aggravated robbery need

not describe the property stolen in the robbery. *Robinson v. State*, 596 S.W.2d 130 (Tex.Crim.App.1980). Appellant's fifth point of error is overruled.

Appellant's sixth point of error asserts that he was convicted of an offense for which he was not charged, which he called a "repeated offense" in his brief. This assertion is obviously a misunderstanding of the nature of the enhancement portion of the indictment, which does not create an additional offense. *TEX.PENAL CODE ANN. sec. 12.42* (Vernon Supp.1989); *Robinson v. State*, 658 S.W.2d 779 (Tex.App.—Beaumont 1983, no pet.). Appellant's sixth point of error is overruled.

Appellant's point of error seven alleges that the trial court erred in failing to quash the indictment on the basis that the complainant did not own the property stolen in the alleged offense. This argument is without merit. Complainant testified that he was a part owner of the liquor store where the robbery occurred. Appellant's seventh point of error is overruled.

Appellant's points of error eight through eleven, nineteen, and twenty-one all allege error relevant to the enhancement portion of the indictment and resulting conviction. Point of error eight alleges error in the trial court's overruling the motion to quash the indictment, due to the fact that in two of the prior convictions, cause numbers 34064 and 34065, Appellant was given improper admonishment as to the range of punishment prior to receiving his guilty plea. Point of error nine claims that an invalid stacking order in the judgment and sentence in cause numbers 34064 and 34065 occurred which constituted fundamental error. He argues that the judgments and sentences were entered in different courts from where the sentences were originally assessed. He also argues that the above-mentioned convictions were appealed and were, therefore, not final.

Point of error ten alleges error in reference to the entry of judgment and sentence in a different court from the court that had granted probation. Point of error eleven alleges that the State failed to allege and prove that the second felony conviction

used in enhancement occurred after the first prior felony conviction was final, urging further that the State erred in amending the indictment by altering the cause numbers. Point of error nineteen asserts error due to insufficiency of evidence to prove the allegation of a prior conviction in enhancement paragraph three, that being cause number 42830. Point of error twenty-one alleges that Appellant was denied effective assistance of counsel in cause numbers 34064 and 34065.

First, we think the admonishments in cause numbers 34064 and 34065 were improper, in that the admonishment by the trial court was for a second degree felony. The amount seized in each count of the offense of delivery of marihuana were less than the four ounce minimum quantity required to establish a second degree felony under *TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.05(b)(4)* (Vernon Supp.1989). However, it is settled that a final conviction alleged for enhancement may be collaterally attacked only if it is void or tainted by a severe constitutional defect. Irregularities in the sentence or judgment may not be collaterally attacked even if such might have resulted in reversal if presented on direct appeal. *Galloway v. State*, 578 S.W.2d 142 (Tex.Crim.App.1979); *Wilson v. State*, 747 S.W.2d 490 (Tex.App.—Beaumont 1988, pet. ref'd). The sentences upon Appellant's pleas of guilty in both prior causes were for a term of eight years in TDC, running consecutively, which is within the range of punishment for a third degree felony, the proper offense. *Article 4476–15, sec. 4.05(b)(3), supra*. We find, therefore, that the prior judgments were not based upon a clearly demonstrated injury or prejudice to the Appellant. He was not harmed or misled. *TEX.CODE CRIM. PROC.ANN. art. 26.13(c)* (Vernon Supp. 1989); *Ex Parte McAtee*, 599 S.W.2d 335 (Tex.Crim.App.1980).

Second, the allegation of an invalid stacking order fails because the sentences of consecutive eight year prison terms for the offenses in cause numbers 34064 and 34065 were proper. These consecutive terms were assessed when Appellant's probation

was revoked. *TEX.CODE CRIM.PROC. ANN. art. 42.08(a)* (Vernon Supp.1989). The Appellant initially had been given a sentence of ten years probation. The sentence was legally reformed. *Id.* Third, the allegation of non-finality is without merit, because the State introduced exhibits containing a mandate from the Court of Appeals affirming the judgments of the trial court in cause numbers 34064 and 34065. Both of the mandates were filed in 1984, long before Appellant committed the primary offense. This was sufficient proof of the finality of these convictions. Furthermore, Appellant presents no evidence that the convictions in 34064 and 34065 were on appeal at the time of the commission of the primary offense for which he was convicted. *Carter v. State,* 510 S.W.2d 323 (Tex.Crim.App.1974). Fourth, the fact that the original convictions and sentences in cause numbers 34064 and 34065 were imposed in a court other than the court revoking probation was not error. *Wise v. State,* 477 S.W.2d 578 (Tex.Crim. App.1972).

Fifth, the issue of whether the State failed to prove that the felony alleged in enhancement paragraph two, cause number 34065, occurred after the date that the conviction alleged in paragraph one, cause number 34064, became final, is irrelevant. The fact is undisputed that the jury properly was instructed that under *TEX.PENAL CODE ANN. 12.42(c)* a finding that Appellant had been convicted of just one of the alleged prior offenses required conviction for an enhanced first degree felony.

It is without dispute that cause number 42830 was not challenged in Appellant's motion to quash the indictment, nor was an objection lodged to the admission during the punishment phase of State's Exhibit No. 26. This was a pen packet containing the judgment and sentence in cause number 42830. The jury found that the Appellant had, indeed, been convicted in cause number 42830, before the commission of the primary offense. The slight variation between the date of conviction in 42830 as alleged in the present indictment and as proved in the record (July 6, 1983 versus July 5, 1983) is so slight as to be immateri-

al. No prejudicial surprise is shown. *Cole v. State,* 611 S.W.2d 79 (Tex.Crim.App. 1981); *Vasquez v. State,* 756 S.W.2d 830 (Tex.App.—Corpus Christi 1988, no pet.). *Article 12.42(c), supra,* requires only that the prior conviction used for enhancement purposes be alleged and proved to be final before the commitment of the primary offense. Such was done.

Finally, ineffective assistance of counsel, as alleged in point of error twenty-one, did not occur. Laboratory findings which Appellant asserts were erroneously admitted into evidence as Court's Exhibit No. 3 were never introduced by the State in the punishment phase of trial. Therefore, the basis of Appellant's ineffective assistance claim is invalid. Appellant's points of error eight, nine, ten, eleven, nineteen and twenty-one are overruled.

■ Appellant's point of error number thirteen alleges discriminatory use of peremptory strikes to exclude members of his own race, the black race, from the jury. In doing so, he also asserts ineffective assistance of counsel in not raising an objection to the jury panel and the prosecutor's use of peremptory strikes under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The jury was made up of eight blacks and four whites. Nothing in the record before us indicates the striking of any black veniremen for discriminatory purposes. Not even an inference of purposeful discrimination, the threshold for commencing a *Batson* challenge, can possibly be found. *Keeton v. State,* 749 S.W.2d 861 (Tex.Crim.App.1988) (Opinion following abatement). Appellant's point of error number thirteen is overruled.

■ Appellant's point of error number fourteen alleges that he was denied a fair trial. In his argument, he attacks the testimony of the State's witnesses. The jury, as trier of fact, has the right to judge and weigh the credibility of the evidence. *Banks v. State,* 510 S.W.2d 592 (Tex.Crim. App.1974). Appellant's point of error fourteen is overruled. Also, Appellant's point of error number sixteen is overruled. There, he attacked the credibility of the

State's witnesses and alleges that he was unfairly denied access to witnesses' statements prior to trial. As stated above, the jury has the responsibility and power to weigh the credibility and truthfulness of the witnesses. *Banks, supra.* Furthermore, witness' statements are not discoverable prior to trial. A defendant may only examine such statements following the witness' direct testimony. *See TEX.CODE CRIM.PROC.ANN. art. 39.14* (Vernon 1979); *Kemner v. State,* 589 S.W.2d 403 (Tex.Crim.App.1979).

■ Point of error seventeen alleges denial of a fair trial and ineffective assistance of counsel because Appellant's counsel declined to remove his trial to federal court. Point of error seventeen is overruled; it is without merit.

Point of error eighteen alleges denial of a fair trial in that: a pistol alleged to be the "same or similar" to the weapon used in the robbery in question was admitted into evidence; that the prosecutor's statement in closing argument that Appellant posed the danger of committing more crimes was inflammatory; and that the trial judge allowed the state the right to open and close final argument, with the defense's closing arguments made in between.

■ First, the pistol was properly admissible. An introduction of a weapon submitted as "the same as", "similar", "like", or "comparable to" is properly admissible as demonstrative evidence. *Simmons v. State,* 622 S.W.2d 111 (Tex.Crim. App.1981). It must be properly identified as demonstrative evidence, but a certain amount of flexibility must be allowed the trial court's discretion which will be reversed only upon a showing of a clear abuse of discretion. *Id.* None is shown here. Second, the statements made by the State's attorney were proper, in that he made reasonable deductions from the evidence demonstrating three prior felony convictions. As such, his argument was a reasonable plea for law enforcement. *Asay v. State,* 456 S.W.2d 903 (Tex.Crim. App.1970). Third, *TEX.CODE CRIM. PROC.ANN. art. 36.07* (Vernon 1981) allows the trial court to regulate the order of closing argument. Appellant's point of error number eighteen is overruled.

Finally, Appellant's point of error number twenty asserts that error was committed when the trial court failed to include certain documents in the transcript, which were intended to be part of the record of a habeas corpus proceeding in cause number 48899. Cause 48899 was dismissed prior to Appellant's being reindicted in cause number 49904, being the cause under which the present prosecution was brought. *TEX.R. APP.P. 51(a)* states that the designation of the record limits the documents and other items to be included in the record. Appellant failed to file such documents in cause number 49904. Appellant has not included such items as part of the designation of the record. Second, these documents are connected with a separate application for a writ of habeas corpus, which cannot be considered as part of this appeal. Appellant has preserved nothing for review. Appellant's point of error number twenty is overruled. It is salient to note in the record that Appellant freely made the decision to proceed with his appeal pro se. He was offered appointed counsel to handle his appeal, but Appellant affirmatively informed the trial court, in writing sworn to before a notary public, of his voluntary decision to proceed pro se. No denial of his right to counsel on appeal occurred.

In sum, all of Appellant's points of error are overruled. The trial court's decision was correct. The judgment and sentence are affirmed.

AFFIRMED.