Kenneth Vaughn Alexander, jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-329-CR

     KENNETH VAUGHN ALEXANDER, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 163rd District Court
Orange County, Texas
Trial Court # B-980549-R
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellant Kenneth Vaughn Alexander, Jr. has filed a motion to dismiss his appeal. In
relevant portion, Rule 42.2 of the Texas Rules of Appellate Procedure states:
(a) At any time before the appellate court’s decision, the appellate court may dismiss the
appeal if the party that appealed withdraws its notice of appeal—by filing a written
withdrawal in duplicate with the appellate clerk, who must immediately send the duplicate
copy to the trial court clerk. An appellant must personally sign the written withdrawal.

Tex. R. App. P. 42.2(a). We have not issued a decision in this appeal. The motion is signed by
Alexander. See id. A copy has been sent to the trial court clerk. Id.
      This appeal is dismissed. 
 
                                                                       PER CURIAM

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Appeal dismissed
Opinion delivered and filed January 23, 2002
Do not publish
[CR25]



e-height: 0.388889in">      Additional to the facts recited, supra, Appellant held a firearm on complainant and threatened
to kill her. Complainant testified she was frightened and feared both imminent bodily injury and
death. Evidence of Appellant's guilt is overwhelming. Reviewing the evidence in the light most
favorable to the prosecution, it is clear beyond a reasonable doubt that Appellant robbed
complainant, threatened her, and placed her in fear of her life.
      Point one is overruled.
      Point two asserts the admittance of State's exhibits 1, 2, and 3, over objection, even for
demonstrative purposes, was inflammatory and prejudicial and served no probative value except
to arouse the emotions and fears of the jury.
      The State offered, for demonstrative purposes only, exhibits 1, 2, and 3, which were three
firearms, i.e. two pistols and an "oozie." Complainant testified that exhibits 1, 2, and 3 were not
the same weapons as used by Appellant and other two robbers, but were similar.
      An introduction of a weapon as "the same as," "similar," "like," or "comparable to" a weapon
used in the offense is properly admissible as demonstrative evidence. Jackson v. State, 772
S.W.2d 459, 466 (Tex. App.—Beaumont 1989); Simmons v. State, 622 S.W.2d 111 (Tex. Crim.
App. 1981). The probative value of exhibits 1, 2, and 3 was substantial; its prejudicial effect, if
any, was minimal.
      Point two is overruled.
      Point three asserts the trial court erred when it overruled the defense's objection to the
relevancy of Aaron Elie's actions in this case.
      The trial court admitted evidence as to the conduct of Appellant's co-defendant, Aaron Elie,
i.e., that Elie raped complainant during the course of the armed robbery.
      All relevant evidence is admissible. Tex. R. Crim. Evid. 402. Events do not occur in a
vacuum and the jury had a right to hear what occurred immediately prior to, during, and
subsequent to the commission of the robbery so that it may realistically evaluate the evidence. 
Archer v. State, 607 S.W.2d 539, 542 (Tex. Crim. App. 1981). The admission of the
circumstances surrounding the aggravated robbery of complainant, which necessarily included the
contemporaneous sexual assault by Appellant's co-defendant, was essential for the jury to fully
understand the instant aggravated robbery offense. Alston v. State, 763 S.W.2d 557, 559 (Tex.
App.—Beaumont 1988).
      Point three is overruled.
      Point four asserts the introduction of Appellant's prior criminal convictions were more
prejudicial to Appellant than probative in value and tainted the jury, allowing it convict him on
being a criminal generally as opposed to a conviction based on the facts of this case.
      Appellant has failed to point out what evidence he complains of, or where it is contained in
the statement of facts, and has failed to brief this point.
      Point four is overruled.
      Point five asserts the trial court's charge allowed Appellant to be convicted on an alternative
theory of law than that alleged in the indictment.
      Appellant complains that the trial court erred in submitting an instruction on the law of parties
because the indictment did not include such an allegation.
      The law of parties may be applied to a case even though no such allegation is contained in the
indictment. Montoya v. State, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989).
      Point five is overruled.
      Point six asserts the trial court erred in allowing the use or introduction of the video tape for
identification purposes to contradict the testimony of their rebuttal witness.
      Jewell McDaniel testified that the man in the courtroom (Appellant) was not the man she saw
in her home on September 22, 1992, when robbers broke into her home. The State introduced for
identification purposes a video wherein Mrs. McDaniel identified Appellant from a lineup as the
person who broke into home and held a gun on her. Mrs. McDaniel testified at Appellant's trial
and was subject to cross examination regarding the identification of Appellant. In such situation,
the trial court properly admitted the video tape as identification evidence. Tex. R. Crim. Evid.
801(e).
      Point six is overruled.
      Point seven contends the trial court erred when it overruled defense's objection to improper
bolstering of the rebuttal witness. 
      Appellant has failed to identify in his brief which rebuttal witness, what rebuttal evidence, and
has failed to identify the complained of evidence. Appellant presents nothing for review. Tex.
R. App. P. 74(d) and (e).
      Point seven is overruled.
      Point eight asserts the trial court erroneously denied and overruled defense's motion for
directed verdict and motion for a mistrial.
      A challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a
challenge to the sufficiency of the evidence to support the conviction. If the evidence is sufficient
to sustain the conviction, the trial judge did not err in overruling Appellant's motion. Madden v.
State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). As stated in our discussion of Appellant's
point one, the evidence was sufficient to support Appellant's conviction.
      Point eight is overruled.
      Point nine asserts the prosecutor committed prosecutorial misconduct by urging facts outside
the record during closing argument.
      Permissible jury argument must fall within (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law
enforcement. Alejandro v. State, 493 S.W.2d 230, 231-231 (Tex. Crim. App. 1993). 
      Elie testified that he had been convicted the day before for having committed the robbery of
the complainant, and that Appellant was innocent. Elie further testified that Appellant was at
home on September 23, 1992. Appellant's mother and sister also testified that he was at home
from 7:00 a.m. to after 6:00 p.m. on September 23, 1992.
      In direct rebuttal testimony, the State called Mrs. Cynthia McDaniel, Officer Johnson and
Foluke McDaniel to establish that on the morning of September 23, 1992, Appellant, Elie and two
others forcibly entered the McDaniel home and robbed members of the McDaniel family.
      The State argued in final summation:
When he said he was at home, he failed to mention it was Jewel McDaniel's
home. And who was there with him? Romel Kennerson; when an alibi defense
or a mistaken identity; that's the only time the State can get into an extraneous
offense and get into it and the purpose for Jewel McDaniel and R.T. Johnson,
we are showing you a course of conduct; her home was kicked in and robbed. 
Rita Babers' place was kicked in and they were robbed.
You heard from the stand—she said `I don't see him in the court room.' 
You heard it. Can't hide that part. You also heard she didn't see that tape of
the defendant since November. You saw on the film his hair had changed."
[DEFENSE COUNSEL]: I object to the prejudicial nature of this
testimony. I believe it's outside the scope of this trial.
                  THE COURT: Overruled.
[DEFENSE COUNSEL]: Move for a mistrial.
                  THE COURT: Overruled.
      In the complained of argument, the prosecutor simply argued, based on the evidence
presented, that the defense witnesses were not credible, and that Appellant was guilty of the instant
aggravated robbery. Such argument is within the bounds of permissible jury argument.
      Point nine is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD 
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 22, 1995
Do not publish