Affirmed and Memorandum Opinion filed March 6, 2003









Affirmed and Memorandum Opinion filed March 6, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01281-CR

____________

 

CHARLES RAY WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Court at Law
Number One

Fort Bend County, Texas

Trial Court Cause No. 91561A

 



 

M E M O R A N D U M   O
P I N I O N

Charles Ray Williams appeals his conviction for evading
detention.  The trial court ordered
appellant to pay a $2,000 fine and sentenced him to 180 days= confinement in the Fort Bend County
Jail.  Appellant argues that:  (1) the trial court erroneously denied his
request for a mistrial; and (2) he received ineffective assistance of
counsel.  We affirm.








Analysis and Discussion

A.  Did the trial court erroneously
deny appellant=s motion for mistrial?

In his first issue, appellant argues the trial court
erroneously denied appellant=s motion for mistrial. 
In violation of a motion in limine, when appellant was testifying, the
prosecutor asked appellant whether he had ever been convicted of a felony.  Before appellant answered, defense counsel
objected and asked to approach the bench. 
The trial court excused the jury and then held a hearing on the
admissibility of appellant=s prior conviction for burglary of a habitation.  The trial court denied the State=s request to admit the conviction to
impeach appellant=s veracity.  During the
hearing, defense counsel moved for a mistrial, arguing that the question
tainted the jury=s perception to a degree that could not be cured by an
instruction to disregard.  The trial
court denied appellant=s motion for a mistrial and instructed the jury, upon its
return to the courtroom, to disregard the State=s last question if it remembered it.

The asking of an improper question, by itself, seldom calls
for a mistrial because, in most cases, any harm can be cured by an instruction
to disregard.  Wood
v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).  Mistrial is an extreme “remedy appropriate
for a narrow class of highly prejudicial and incurable errors . . . .”  Id. 
“A mistrial is required only when the improper question is clearly
prejudicial to the defendant and is of such character as to suggest the
impossibility of withdrawing the impression produced on the minds of the
jurors.”  Id.  On appeal, we apply an abuse of discretion
standard of review and presume that instructions to disregard are efficacious.  Id.; Moore v. State, 882 S.W.2d
844, 847 (Tex. Crim. App. 1994).  The appellate record does not suggest that
this single, unanswered question, inflamed the minds of the jury so as to
overcome this presumption.  See id.  Accordingly, we overrule appellant=s first issue.

B.  Was appellant=s trial counsel ineffective?








In his three remaining issues, appellant argues that he
received ineffective assistance from his trial lawyer.  To prove ineffective assistance of counsel,
appellant must show that: (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability the result of the proceeding would
have been different but for trial counsel=s deficient performance.  Strickland v. Washington,
466 U.S. 668, 687B94, 104
S. Ct. 2052, 2064B68, 80 L.
Ed.2d 674 (1984).  “A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.”  Id.,
466 U.S. at 694, 104 S. Ct. at 2068. 
In assessing appellant=s claims, we apply a strong presumption that trial counsel
was competent.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). Appellant has the burden of proving his claims by a
preponderance of the evidence.  See
Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998).   








In his second issue, appellant contends defense counsel=s failure to raise a Batson
challenge to the State=s use of a peremptory strike to exclude a minority from the
jury panel constituted ineffective assistance. 
Nothing in the record suggests the State struck this member of the jury
panel for discriminatory purposes.  See
Jackson v. State, 772 S.W.2d 459, 465 (Tex. App.CBeaumont 1989, no pet.).  From the record, it is not possible to draw a
reasonable inference of purposeful discrimination, the threshold for making a Batson
challenge.  See id.[1]  The record contains no evidence as to why
trial counsel did not make a Batson challenge.  We therefore presume this action was
reasonably professional and motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Moreover, appellant has failed to show that
he was prejudiced by trial counsel=s erroneous failure, if any, to make
a Batson challenge.  See
Batiste v. State, 888 S.W.2d 9, 14B16 (Tex. Crim. App. 2000) (holding
prejudice prong of Strickland test applies even when
ineffective-assistance claim is premised on failure to make a Batson challenge).  We overrule appellant=s second issue because he has failed
to prove ineffective assistance of counsel. 


In his third issue, appellant asserts his trial counsel was
ineffective because he failed to object when the State violated a pretrial
order by presenting witnesses without first giving the defense a witness
list.  In his fourth issue, appellant
argues his attorney “did not properly investigate the facts of the case.”  At the hearing on appellant=s motion for new trial, trial counsel
testified he did not object to the State=s failure to produce a witness list
because he thought the case would settle. 
Trial counsel also testified that he knew several months before trial
that the State=s primary witness would be Officer
McQueen of the Rosenburg Police Department and that the State might call a
federal agent, who was at the scene when appellant was arrested, as a rebuttal
witness.  Without ruling on the merits of
appellant=s third and fourth issues under the
first prong of the Strickland test, we hold that appellant has failed to
show prejudice under the second prong of Strickland.  Nothing in the record suggests that the
outcome would have been different if trial counsel had requested a witness list
or interviewed the witnesses. 
Accordingly, appellant has failed to show ineffective assistance of
counsel, and we overrule his third and fourth issues.

Having overruled appellant=s four issues, we affirm the trial
court=s judgment.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Memorandum Opinion filed March 6, 2003.

Panel consists of
Justices Yates, Anderson, and Fowler.

Do Not Publish C Tex.
R. App. P. 47.2(b).












[1]  The record
suggests a race-neutral explanation for this person=s exclusion because she said she would have difficulty
deciding a person=s guilt or innocence from the testimony of only one
witness.  The State only called one
witness in its case-in-chief.  See Esteves v. State, 849 S.W.2d 822, 823 (Tex. Crim. App.
1993) (en banc) (holding a potential juror=s
inability to follow the one-witness rule is a legitimate race-neutral reason to
use a peremptory strike to remove that person from the venire).

 

The twenty-four-person jury panel included
four minorities.  The court struck one of
them for cause, the State used a peremptory strike against one of them, one was
selected to be on the six-person jury, and the fourth minority was not reached
because her name was sixteenth on the list of prospective jurors.  Combined, the parties used four peremptory
strikes and four for-cause strikes.  All
of the strikes were used against persons numbered one through twelve on the
list.  So veniremembers fifteen through twenty-four were not reached
because number fourteen was selected to be the sixth, and final, juror.