George Thomas TWEEDY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00035–CR.

Court of Appeals of Texas,
Dallas.

Nov. 25, 1986.

Rehearing Denied Jan. 8, 1987.

John H. Hagler, Dallas, for appellant.

Michael A. Klein, Asst. Dist. Atty., Dallas, for appellee.

Before DEVANY, McCLUNG and HOLLINGSWORTH, JJ.

HOLLINGSWORTH, Justice.

The trial court found appellant guilty on his plea of "guilty" to an indictment charging him with bribery. Pursuant to the negotiated plea bargain, the trial court assessed the recommended punishment of five years' confinement (probated) and a one thousand dollar fine. The terms of the plea bargain allowed Tweedy to appeal the trial court's ruling on his pretrial motion to dismiss the cause.

Appellant brings forth two points of error. In his first point of error he claims that there was no evidence to support his conviction. In appellant's second point of error he asserts that his motion to dismiss should have been granted because the indictment failed to allege the offense of bribery. Finding no merit in appellant's contentions, we affirm the judgment of the trial court.

■ Appellant first complains that the State offered no evidence proving the offense of bribery. Appellant pled guilty pursuant to a negotiated bargain that was honored by the trial court. As a result, appellant waived his right to appeal all nonjurisdictional defects save those matters which the trial court had given him permission to appeal and those matters which had been raised by written motion filed prior to trial. Appellant's first point of error does not fall within either of the exceptions mentioned above and we are, therefore, without jurisdiction to entertain the point. *Morris v. State*, No. 0197–84 (Tex.Crim.App. delivered April 30, 1986) (not yet reported); TEX. CODE CRIM. PROC.ANN. art. 44.02 (Vernon Supp.1986).

■ In appellant's remaining point of error he complains that the trial court erred in overruling his pretrial written motion to dismiss because the indictment failed to allege the offense of bribery. This point of error is properly before us because the terms of the plea bargain agreement specifically allowed appellant to raise this on appeal. In addition, this issue was raised by a written motion filed prior to trial. Furthermore, the failure of an indictment to allege an offense is a *jurisdictional* defect.[1] *United States v. Edrington*, 726 F.2d 1029, 1031 (5th Cir.1984); *United States v. Lopez*, 704 F.2d 1382, 1385 (5th Cir.1983), *cert. denied*, 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983).

Section 36.02 provides, in pertinent part:

A person commits an offense if he intentionally or knowingly ... confers ... on another ... any benefit as consideration for a violation of a duty imposed by law on a public servant ...

TEX.PENAL CODE ANN. § 36.02(a)(3) (Vernon Supp.1985.)

The indictment in this case alleged that the law imposing the duty was a resolution adopted by the Mesquite City Council. Appellant argues that the indictment fails to allege the offense of bribery since a resolution, unlike an ordinance, is not a law as contemplated by the Penal Code. We disagree.

Appellant was convicted of bribery because he offered two hundred dollars to a city construction inspector if he would allow appellant and his work crew to dig trenches, lay pipe, and backfill the trenches without the inspector examining the work. Section 101–16 of the Water and Sewer Specifications of the City of Mesquite states that the work mentioned above shall not commence until approval has been given by a city construction inspector. Section 101–16 was adopted by resolution of the City Council on January 15, 1962 and revised by resolution on December 21, 1964.

■ Section 1.07(a)(20) of the Penal Code states:

"(a) In this code:

.　.　.　.　.

(20) "Law" means the constitution or a statute of this state or of the United States, a written opinion of a court of record, a municipal ordinance, an order of a county commissioners court, *or a rule authorized by and lawfully adopted, under a statute.*"

TEX.PENAL CODE ANN. § 1.07(a)(20) [Emphasis added.]

Articles 1011, 1015 and 1175 of the civil statutes supply authorization for the City of Mesquite to make and enforce rules and regulations concerning the construction of

---

**1.** We note that this case was tried before the effective date of the 1985 amendment to article 1.14 of the Texas Code of Criminal Procedure

providing for the waiver of any defect, error or irregularity of form or substance in an indictment.

**32**

sewer and water systems within its municipal limits. Neither the statutes mentioned above nor the Mesquite City Charter specifically states the mode in which this power shall be exercised. Therefore, an enactment by the City Council concerning these matters is valid whether it is in the form of an ordinance or resolution. *Hicks v. City of Houston,* 524 S.W.2d 539, 548 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). This is so even if the enactment is of a general permanent nature. *Id.* Consequently, we hold that the resolution in question was a rule authorized by and lawfully adopted under a statute. The indictment therefore alleges the offense of bribery.

The judgment is affirmed.