Roberto VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-87-314-CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1988.

Moises V. Vela, Harlingen, for appellant.

Lee P. Fernon, Asst. Dist. Atty., Raymondville, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellant pleaded guilty before the court to the felony offense of driving while intoxicated. While there was no plea bargain, the State agreed not to oppose appellant's request for probation. Nevertheless, the court set punishment at two years' imprisonment and a $500.00 fine.

By one point of error, appellant contends that the trial court erred in finding him guilty because there is a variance in the date of conviction alleged and the actual date of the conviction as shown in the judgment in cause no. 6244, County Court of Willacy County, Texas. We overrule this point of error and affirm the judgment.

The indictment alleges that appellant operated a motor vehicle in a public place while intoxicated on or about March 17, 1987. In addition, it alleges two previous convictions. Tex.Rev.Civ.Stat.Ann. art. 67011–1(e) (Vernon Supp.1988) provides that if a person is convicted of being an intoxicated driver, and has twice previously been convicted of this offense, his punishment shall be (1) a fine and (2) confinement in jail or in the penitentiary for not less than 60 days or more than five years.

The State contends first, that the appeal should be dismissed because the alleged error was not presented to the trial court by specific objections and a ruling from the trial court was not obtained in accordance with Tex.R.App.P. 52(a).

The State has the burden of proving each of the allegations in the indictment beyond a reasonable doubt. *Barros v. State*, 661 S.W.2d 337, 339 (Tex.App.—Corpus Christi 1983, no pet.). If it fails to meet this burden, the defendant must be acquitted. *See Wright v. State*, 603 S.W.2d 838, 840–41 (Tex.Crim.App.1980) (on rehearing). Tex.R.App.P. 52(a) has no application when the evidence offered does not prove or tend to prove any of the allegations in the indictment. Consequently, if, as the appellant contends, the evidence of the conviction relied on by the State for enhancement is not the same as the one

alleged in the indictment, the proof fails and the defendant must be found not guilty.

In addition, even if an objection by the appellant and ruling by the court would be required in this case and had not been obtained, we would not be authorized to dismiss the appeal. Dismissals of appeals are governed by Tex.R.App.P. 59(b) and 60(b), and not by Tex.R.App.P. 52. Since none of the events mentioned in Rules 59(b) or 60(b) exist in this case, the appeal cannot be dismissed.

The State next contends appellant waived any error by pleading guilty, failing to get permission of the trial court to appeal, and not filing written motions prior to trial. The State cites Tex.Code Crim.Proc. Ann. art. 44.02 (Vernon 1979) and *Tweedy v. State*, 722 S.W.2d 30, 31 (Tex.App.—Dallas 1986, pet. ref'd). Article 44.02 specifically provides that a defendant in any criminal action has the right to appeal, but limits the right where there has been a plea bargain and the judge's sentencing does not exceed the plea bargain. Since there was no plea bargain in this case, or, if the State's agreement not to oppose probation is considered a plea bargain, the judge's sentencing exceeded it, article 44.02's provisions relating to permission by the trial court as a condition for appeal do not apply. Likewise, the *Tweedy* case is distinguishable because the trial court followed the plea bargain recommendations in that case.

The State next complains that appellant's brief does not comply with Tex.R.App.P. 74. While the form of appellant's brief could be improved, the complaint presented is readily apparent and pointed out with clarity. We will, therefore, consider appellant's point of error.

Appellant makes no claim that the prior conviction in cause no. 6244 is void or that the evidence is insufficient to prove that he is the person convicted in that case. We take his complaint to be only that because of the variance in the date of the conviction alleged in the indictment in this case and the date of the conviction actually proven

by the judgment in cause no. 6244, the State's proof of this second enhancement offense failed and he could not be punished under the provision set out in the first part of this opinion. We disagree with appellant's contention.

The pertinent portion of the enhancement allegation in the indictment in our case alleges that "said Defendant, on or about the 30th day of September, 1986, in the County Court of Willacy County, Texas, in cause no. 6244 styled the State of Texas vs. Roberto Vasquez was duly and legally convicted of the offense of driving a motor vehicle while intoxicated."

The transcript in this case includes papers from cause no. 6244, in the County Court of Willacy County, Texas. They are styled "The State of Texas vs. Roberto Vasquez" and include an "Order Revoking Probation and Imposing Sentence" as well as a document entitled "Judgment and Sentence." While the "Judgment and Sentence" reflects it was signed on the 3rd of October, 1986, the date of September 30, 1986, appears in the caption of the document and the sentence is ordered to begin on September 30, 1986. The Order Revoking Probation and Imposing Sentence, while reciting that defendant was convicted in cause no. 6244 on October 18, 1985, further recites that he was placed on probation for two years and that on September 30, 1986, he appeared in court and a hearing was held on a motion to revoke the probation, whereupon the court found the defendant had violated the terms of his probation. It was therefore ordered that his probation be revoked and he was sentenced accordingly. This order was also signed on October 3, 1986.

It is clear from these documents that appellant's probation in cause no. 6244, was revoked at a hearing held on September 30, 1986, and that the revocation was effective that date.

 The purpose of enhancement allegations is to provide the accused with notice of the prior conviction to be relied on to avoid surprise. *Freda v. State*, 704 S.W.2d 41, 42 (Tex.Crim.App.1986); *Cole v. State*, 611 S.W.2d 79, 80 (Tex.Crim.App.1981); *see also Robinson v. State*, 739 S.W.2d 795, 800 (Tex.Crim.App.1987). The allegation of a prior conviction for enhancement need not be alleged with the same particularity as the charging of the original offense. *Watson v. State*, 605 S.W.2d 877, 883 (Tex. Crim.App.1979). For a variance between enhancement allegations and proof to be fatal, the variance must be material. *See Plessinger v. State*, 536 S.W.2d 380, 381 (Tex.Crim.App.1976). For the variance to be material it must be such as to surprise or mislead the party to his prejudice. *Freda*, 704 S.W.2d at 42; *Plessinger*, 536 S.W. 2d at 381.

We hold that any variance which may have existed between the indictment and the proof regarding the prior conviction in this case was not misleading. It was not calculated to surprise, mislead, or confuse appellant. The judgment of the trial court is AFFIRMED.