The STATE of Texas, Appellant,

v.

William Terrell HABERN, Appellee.

No. 01–95–00861–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 10, 1997.

Dick DeGuerin, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before HUTSON-DUNN, WILSON and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.*

Appellee, William Terrell Habern, was indicted for the felony offense of aggravated perjury. The trial court granted appellee's motion to quash the indictment, and the State appeals. We reverse.

## BACKGROUND

Habern was indicted for aggravated perjury. The indictment alleged that Habern committed the offense while testifying under oath at a parole revocation hearing (the revocation hearing). Habern filed a motion to quash the indictment. In his motion, Habern argued that the face of the indictment identified the person who administered his oath at the revocation hearing, and that person was not authorized to administer oaths. There-

---

* The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

fore, Habern contended, because he was not under oath at the revocation hearing, he could not have perjured himself. The trial court agreed and granted Habern's motion to quash the indictment.

## DISCUSSION

 In two points of error, the State argues the trial court erred in granting Habern's motion to quash the indictment. First, the State contends that the trial court erred by improperly considering evidence outside the indictment—namely, the identity and position of the person administering the oath at the revocation hearing. Second, the State complains that the trial court erred in concluding that Denise Goudy, a hearing officer of the Board of Pardons and Paroles (the Board), was not authorized to administer Habern's oath.

In urging a motion to quash an indictment, the defendant seeks to call the trial court's attention to defects in the charging instrument that are not obvious on its face. *Green v. State,* 533 S.W.2d 769, 770 (Tex.Crim.App. 1976), *overruled on other grounds by McCravy v. State,* 642 S.W.2d 450, 455 (Tex.Crim. App.1982). An indictment that is valid on its face and returned by a properly constituted grand jury is sufficient to mandate trial of the charge on its merits. *State v. Rosenbaum,* 910 S.W.2d 934, 947 (Tex.Crim.App. 1994) (opinion on reh'g); *Brooks v. State,* 642 S.W.2d 791, 795 (Tex.Crim.App.1982).

In a pretrial setting, there is neither constitutional nor statutory authority for a defendant to test—or for a trial court to determine—the State's cache of evidence to support an element alleged in the indictment. *Rosenbaum,* 910 S.W.2d at 948; *Ex*

*parte Andrews,* 814 S.W.2d 839, 841 (Tex. App.—Houston [1st Dist.] 1991, pet. dism'd) ("[T]here is no Texas criminal pretrial procedure to test the sufficiency of the State's evidence."). If the trial court conducts such a hearing, it errs "grievously." *Rosenbaum,* 910 S.W.2d at 948.

Habern argues on appeal—as he did in his motion to quash at the trial court—that the face of the indictment indicated that he was not properly sworn at the revocation hearing; therefore, he argues, he could not have perjured himself. Habern contends: hearing officers are the only class of persons authorized under Texas law to conduct parole revocation hearings; hearing officers are not authorized to administer oaths; and the Board cannot delegate to its hearing officers the statutory authority of Board members to administer oaths.[1]

We need not decide whether each of these contentions is accurate. The indictment against Habern alleged that he:

did ... unlawfully, personally appear at an official proceeding, namely a Board of Pardons and Paroles, parole revocation hearing, and in connection with and during that proceeding and after being duly sworn, the Defendant did under oath, with intent to deceive, MAKE A FALSE STATEMENT ... with knowledge of said statement's meaning, and said statement was material to the issue under inquiry in the official proceeding, and said statement was then and there required and authorized by law to be made under oath[.]

The indictment alleges only that Habern appeared at a parole revocation hearing, and, "after being duly sworn," made a false statement "under oath." The indictment alleges

1. The following persons are authorized to administer oaths in Texas—
 1.) a judge, clerk, or commissioner of a court of record;
 2.) a justice of the peace or a clerk of a justice court;
 3.) a notary public;
 4.) *a member of a board or commission created by a law of this state, in a matter pertaining to a duty of the board or commission;*
 5.) a person employed by the Texas Ethics Commission who has a duty related to a report required by Title 15, Election Code, in a matter pertaining to that duty;

6.) a county tax assessor-collector or an employee of the county tax assessor-collector if the oath relates to a document that is required or authorized to be filed in the office of the county tax assessor-collector;
7.) the secretary of state;
8.) the lieutenant governor;
9.) the speaker of the house of representatives; or
10.) the governor.

TEX. GOV'T CODE ANN. § 602.002 (Vernon Supp. 1997) (emphasis added).

nothing with respect to who administered Habern's oath. For purposes of this case, we can assume, *arguendo,* that Habern correctly states that hearing officers are the only persons authorized to conduct revocation hearings, and that hearing officers are not authorized to administer oaths. It is possible that any of the 10 classes of persons authorized by statute to administer oaths could have administered Habern's oath at the revocation hearing.

We hold that the trial court had no authority—constitutional or statutory—to conduct a pretrial hearing to test the State's evidence to support the allegations in a facially valid indictment. *Rosenbaum,* 910 S.W.2d at 948; *Ex parte Andrews,* 814 S.W.2d at 841. The trial court's hearing was a nullity.

The State's first point of error is sustained. Given our disposition of the State's first point, we need not address the State's remaining point of error.

We reverse the trial court's order quashing the indictment and remand this case.