The STATE of Texas, Appellant,

v.

Janice M. BOADO, Appellee.

No. 01–98–01091–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 2, 1999.

Opinion Overruling Motion for Rehearing Nov. 4, 1999.

Rehearing Overruled Dec. 3, 1999.

Frank Blazek, Huntsville, for Appellee.

Latham Boone, Gina M. DeBottis, Huntsville, for State.

Panel consists of Justices MIRABAL, HEDGES, and PRICE.*

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

FRANK C. PRICE, Justice (Assigned).

A grand jury indicted appellee, Janice M. Boado, for the felony offense of bribery. The trial court granted appellee's motion to quash the indictment, and the State appeals. We reverse.

## BACKGROUND

A grand jury indicted appellee for bribery. TEX. PENAL CODE ANN. § 36.02 (Vernon 1994). The indictment alleged that appellee "did ... intentionally and knowingly solicit, accept and agree to accept ... a benefit, to-wit: *one hundred dollars ($100.00) United States currency*, as a consideration for a violation of a duty imposed by law on employees of the Texas Department of Criminal Justice." The indictment specified the duty as "being to provide a 'tobacco free' working and living environment within the facilities operated by the Texas Department of Criminal Justice— Institutional Division." The alleged violation of the duty was appellee's having delivered tobacco to an inmate of the Huntsville Unit.

Appellee filed a motion to quash the indictment. In her motion, she alleged, in part, that the indictment failed "to allege any act or omission on the part of the Defendant that constitutes an offense. It is not a violation of State law for a person to give a[sic] tobacco to an inmate." At the hearing on the motion, the State indicated that, as the basis of appellee's legal duty, the State was relying on a "Tobacco–Free" policy of the Texas Board of Criminal Justice ("Board"). The policy, BP–02.02, was dated December 1, 1994, and provided:

> Effective March 1, 1995, all Texas Department of Criminal Justice facilities will operate as "tobacco-free," prohibiting the use or possession of tobacco

products in or on such facilities, as defined in Section II of the definitions. Employees will not use tobacco products while in contact with inmates or clients regardless of location.

> Violation of this policy may result in disciplinary action or loss of privileges as applicable.[1]

Appellee argued that the preceding policy did not constitute a "law" because it was not "a rule authorized by and lawfully adopted under a statute." TEX. PENAL CODE ANN. § 1.07(a)(30) (Vernon 1994). Appellee introduced into evidence minutes of the Board's meeting at which it discussed the policy. These minutes indicated that the Board adopted "Board Policy 02.01—TDCJ Tobacco Free Policy." The Tobacco Free Policy attached to the minutes, however, was numbered BP–02.02. In addition to arguing that the Board had never actually adopted BP–02.02, appellee argued that the Board had not properly promulgated BP–02.02, as required by the Government Code.

The trial court granted appellee's motion to quash the indictment.

## DISCUSSION

The section proscribing bribery provides in relevant part that "[a] person commits an offense if he intentionally or knowingly ... solicits, accepts, or agrees to accept from another ... any benefit as consideration for a violation of a duty imposed by law on a public servant." TEX. PENAL CODE ANN. § 36.02(a)(3) (Vernon 1994). " 'Law' means ... a rule authorized by and lawfully adopted under a statute." TEX. PENAL CODE ANN. § 1.07(a)(30) (Vernon 1994).

The State presents a single issue on appeal: whether the trial court erroneously quashed the indictment on the ground that it did not adequately allege that the duty appellee violated was one "imposed by law." The State presents a single case

---

1. The face of the document bears the date of December 1, 1994. The document bears an adoption date of November 18, 1994.

in support of its contention that the trial court erred: *Tweedy v. State*, 722 S.W.2d 30 (Tex.App.—Dallas 1986, pet. ref'd).

The State contends that, like the city council resolution in *Tweedy*, the Board policy in this case was a "rule authorized by statute," and therefore was a "law," within the meaning of the bribery statute. Appellee responds that, unlike the city council in *Tweedy*, the Board is governed by Chapter 2001 of the Texas Government Code, that the policy at issue was not promulgated in accordance with that Chapter, and that therefore the policy was not a "law."

*Tweedy* was an appeal from a conviction on a plea of guilty. *Tweedy*, 722 S.W.2d at 30. The terms of the plea bargain permitted the defendant to appeal the trial court's denial of his pretrial motion to dismiss. *Tweedy* did not involve a pretrial grant of a motion to quash an indictment. We need not decide whether the policy at issue here is more or less like the resolution at issue in *Tweedy*.

■ "An indictment that is valid on its face and returned by a properly constituted grand jury is sufficient to mandate trial of the charge on its merits." *State v. Habern*, 945 S.W.2d 225, 226 (Tex.App.—Houston [1st Dist.] 1997, no pet.). The indictment in the present case alleged all of the elements of bribery. *See Green v. State*, 951 S.W.2d 3, 4 (Tex.Crim.App.1997) (citing *Chance v. State*, 563 S.W.2d 812, 814–15 (Tex.Crim.App.1978)). It did so with sufficient particularity to put appellee on notice of the offense with which she was charged. *See State v. Edmond*, 933 S.W.2d 120, 128 (Tex.Crim.App.1996).

■ As this Court recently stated, "[i]n a pretrial setting, there is neither constitutional nor statutory authority for a defendant to test—or for a trial court to determine—the State's cache of evidence to support an element alleged in the indictment. . . . If the trial court conducts such a hearing, it errs 'grievously.' " *Habern*, 945 S.W.2d at 226 (citing *State v. Rosen-*

*baum*, 910 S.W.2d 934, 948 (Tex.Crim.App. 1994) (opinion on reh'g); *Ex parte Andrews*, 814 S.W.2d 839, 841 (Tex.App.—Houston [1st Dist.] 1991, pet. dism'd)).

The offense in *Habern* was aggravated perjury; and the element at issue was that of "being duly sworn." Habern contended that the face of the indictment indicated that he was not properly sworn because the only class of persons authorized to conduct the type of hearing at which Habern testified was not authorized to administer oaths. This Court observed that the indictment alleged nothing about who administered Habern's oath. The Court assumed, *arguendo*, the correctness of Habern's contentions about who was authorized to conduct the hearing and who was authorized to administer oaths. The Court, however, observed that it was "possible that any of the 10 classes of persons authorized by statute to administer oaths could have administered Habern's oath at the . . . hearing." *Habern*, 945 S.W.2d at 227. This Court held that the trial court had no constitutional or statutory authority to conduct a pretrial hearing to test the State's evidence to support the allegations in a facially valid indictment. *Id.*

■ The indictment in the present case alleged the duty appellee purportedly violated: "to provide a 'tobacco free' working and living environment." The indictment alleged that the duty was one "imposed by law." The indictment alleged nothing with respect to the source of the law. Only by testing the State's evidence regarding the source of the law could the trial court determine whether the alleged "law" met the statutory definition of "law" found in Section 1.07(a)(30) of the Penal Code. This the trial court had no authority to do at a pretrial hearing on a defendant's motion to quash. *Habern*, 945 S.W.2d at 227.

The fact that the determination of whether the Board policy qualifies as a law may ultimately be a legal determination does not undermine our conclusion. In *Rosenbaum*, the Court of Criminal Ap-

peals held that, at a pretrial hearing, the trial court had no constitutional or statutory authority to determine the sufficiency of the evidence to support the alleged element of materiality in a perjury case. *Rosenbaum*, 910 S.W.2d at 948 (opinion on reh'g).

*Rosenbaum* and *Habern* control the disposition of this case. We sustain the State's issue on appeal.

We reverse the trial court's order quashing the indictment and remand this case.

## OPINION ON MOTION FOR REHEARING

Appellee filed a motion for rehearing after we issued our opinion reversing the trial court's order granting appellee's motion to quash the indictment. We find the motion for rehearing to be without merit and it is overruled.

■ However, the motion for rehearing points out that we did not consider one of the arguments made in appellee's brief, namely, that the indictment did not allege that appellee was an employee of the Texas Department of Criminal Justice or a public servant in any capacity. Appellee is correct that we overlooked the argument which consisted of three sentences without citation to authority. Appellee's motion for rehearing asserts that the argument "justified the trial court's decision to quash the indictment."

Appellee presented the trial court with a motion to quash the indictment that raised only the contention that the indictment did not allege that appellee committed a "violation of duty imposed by law." This was the only theory for quashing the indictment argued at the hearing, and the trial judge granted the motion on that basis. Appellee may not raise for the first time on appeal the issue of whether the indictment was defective for another reason. *See Garay v. State*, 954 S.W.2d 59, 63–64 (Tex.App.—San Antonio 1997, pet. ref'd);

Tex.R.App. P. 33.1(a). We find the argument was not preserved for review.

The motion for rehearing is overruled.