The STATE of Texas

v.

Janice M. BOADO, Appellant.

No. 167–00.

Court of Criminal Appeals of Texas.

Sept. 19, 2001.

Frank Blazek, Huntsville, for Appellant.

Candace Norris, Special Prosecution Unit, Plainview, Matthew Paul, State's Attorney, Austin, for the State.

### *OPINION*

The opinion was delivered PER CURIAM.

Appellee was indicted for bribery. She filed a motion to quash the indictment, which the trial court granted. The State appealed. The Court of Appeals reversed.[1]

Having examined the record and considered the arguments in the case, we conclude that our decision to grant review was improvident. Appellee's petition for discretionary review is dismissed.

JOHNSON, J., filed a dissenting opinion in which PRICE, J. joined.

JOHNSON, J., filed a dissenting opinion, joined by PRICE, J.

I respectfully dissent to the decision to dismiss the petition as improvidently

---

**1.** *State v. Boado*, 8 S.W.3d 15, 17–18 (Tex. App.—Houston [1st Dist.] 1999).

granted. Appellee was indicted for the felony offense of bribery. *See* TEX. PEN. CODE § 36.02. The indictment alleged that appellee "did ... intentionally and knowingly solicit, accept and agree to accept ... a benefit, to-wit: one hundred dollars ($100.00) United States currency, as a consideration for a violation of a duty imposed by law on employees of the Texas Department of Criminal Justice." The indictment specified the duty as "being to provide a 'tobacco free' working and living environment within the facilities operated by the Texas Department of Criminal Justice— Institutional Division." Appellee was alleged to have violated this duty by having delivered tobacco to an inmate of the Huntsville Unit.

Appellee filed a motion to quash the indictment. The motion alleged, *inter alia*, that the indictment failed "to allege any act or omission on the part of the Defendant that constitutes an offense." Appellee's basis for this claim was that it is not a violation of state law for a person to give tobacco to an inmate. During the hearing on the motion, the state indicated that it believed that the basis of appellee's legal duty was the Texas Board of Criminal Justice's "Tobacco–Free" policy. Appellee argued that this policy did not constitute a "law" because it was not "a rule authorized by and lawfully adopted under a statute." *See* TEX. PEN.CODE § 1.07(a)(30). Specifically, appellee argued that the Board had neither actually adopted nor properly promulgated the policy at issue, as required by law. The trial court granted appellee's motion to quash the indictment.

On appeal, the state argued that the trial court erred when it quashed the indictment on the ground that the indictment did not adequately allege that the duty appellee violated was one "imposed by law." The state contended that the Board policy was a "rule authorized by statute," and therefore was a "law," within the meaning of the bribery statute. Appellee responded that the policy at issue was not properly promulgated, and that therefore the policy was not a "law."

However, the Court of Appeals did not address the question presented to it and the arguments brought before it by the parties. *State v. Boado*, 8 S.W.3d 15, 17 (Tex.App.—Houston [1st Dist.] 1999). Instead, it noted that the indictment in the case had alleged the duty that appellee had purportedly violated and that the duty was one "imposed by law." *Id.* Because the indictment did not allege the source of the law, it found that the trial court could have determined whether the alleged "law" met the statutory definition of "law" only by testing the state's evidence regarding the source of the law, and that the trial court had no authority to do this at a pretrial hearing on a motion to quash. *Id.* Thus, the court of appeals reversed the trial court's order quashing the indictment and remanded the case. *Id.* at 18.

Appellee has now filed a petition for discretionary review with this court claiming that "the Court of Appeals erred when it reversed the trial court's order quashing the indictment, because it relied upon an issue not raised by the state/appellent [appellant] at the trial court or on appeal."

The transcript of the hearing in the trial court on the motion to quash confirms that the issue decided by the court of appeals was never brought to the trial court's attention. Instead, the state argued to the trial court only that the policy was properly adopted and so had the effect of a law. At the conclusion of the hearing, the state indicated that if the trial court quashed the indictment, the state would "take it up on appeal and have the Court determine whether, in fact, the policy was a rule and as a result a duty imposed by law."

The Court of Appeals reversed the trial court on an issue which was never brought to the trial court's attention and, consequently, which the trial court never had an opportunity to consider. It is well-settled in this state that, for an issue to be preserved for appellate review, there must have been a timely objection specifically stating the legal basis for that objection. TEX.R.APP. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 119, 120 (Tex.Crim.App. 1996); *Powell v. State*, 898 S.W.2d 821, 829 (Tex.Crim.App.1994), *cert. denied*, 516 U.S. 991, 116 S.Ct. 524, 133 L.Ed.2d 431 (1995); *Rezac v. State* 782 S.W.2d 869, 870 (Tex. Crim.App.1990).[1] Yet, in the instant case, the Court of Appeals reversed the trial court on an issue which was not preserved for appellate review.

As we recently explained,

Although this Court has approved of appellate courts considering alternative theories of law applicable to the facts of the case which *support* the trial court's decision, *we have not afforded the courts of appeals latitude to reverse a trial court's decision on new theories of law not previously presented to that court for its consideration.*

\* \* \* \*

Ordinary notions of procedural default should apply equally to the defendant and the State ... Therefore we hold that *in cases in which the State is the party appealing, the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies equally to the State and the defense....* The trial court's ruling was specifically limited to the facts and legal arguments presented to it. Thus *the trial court cannot be held to have abused its discretion in ruling on the only theory of law presented to it.*

*State v. Mercado*, 972 S.W.2d 75, 77–78 (Tex.Crim.App.1998) (per curiam) (emphases added). In the instant case, the Court of Appeals did exactly that—it reversed the trial court on a theory of law that was never presented to the trial court. While we have allowed certain narrowly-defined exceptions to the general rule that unpreserved error is waived,[2] it is not ap-

---

**1.** *See also Fultz v. State*, 940 S.W.2d 758, 760 (Tex.App.—Texarkana 1997, pet. ref'd); *Parra v. State*, 935 S.W.2d 862, 869 (Tex.App.—Texarkana 1996, no pet.); *Maldonado v. State*, 902 S.W.2d 708, 711 (Tex.App.—El Paso 1995, no pet.); *Johnson v. State*, 901 S.W.2d 525, 533 (Tex.App.—El Paso 1995, pet. ref'd); *Cacy v. State*, 901 S.W.2d 691, 698 (Tex.App.—El Paso 1995, pet. ref'd); *Jones v. State*, 900 S.W.2d 392, 397 (Tex.App.—San Antonio 1995, pet. ref'd); *Clemons v. State*, 893 S.W.2d 212, 216 (Tex.App.—El Paso 1995, no pet.); *Johnson v. State*, 879 S.W.2d 313, 317 (Tex.App.—Amarillo 1994, no pet.); *Castaneda v. State*, 852 S.W.2d 291, 293 (Tex.App.—San Antonio 1993, no pet.); *Miranda v. State*, 813 S.W.2d 724, 737 (Tex.App.—San Antonio 1991, pet. ref'd); *Ramsey v. State*, 806 S.W.2d 954, 956 (Tex.App.—Austin 1991, pet. ref'd).

Our statement in *Rezac*, 782 S.W.2d at 870, that "[o]nce an appellate court has jurisdiction over a case, the limits of the issues that the court may address are set only by that court's discretion and any valid restrictive statute," goes only to the issue of *unassigned* error. Immediately following this statement, we overruled the state's contention that the court of appeals erred by addressing unassigned error. *Id.* However, we ultimately reversed the court of appeals because it had reversed the trial court on the basis of *unpreserved* error. *Id.* at 871.

**2.** *See, e.g., Mercado*, 972 S.W.2d at 77–78 (issue of standing to challenge search pursuant to Fourth Amendment may be brought for first time on appeal); *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Crim.App.1977) (general objection sufficient to preserve error for appeal when specific ground is apparent from context); *Marin v. State*, 851 S.W.2d 275, 280 (Tex.Crim.App.1993) (violation of rights which are waivable only or of absolute systemic requirements may be raised for first time on appeal), *partially overruled on other grounds, Cain v. State*, 947 S.W.2d 262, 264

parent that the ruling in the instant case falls within any of these exceptions.

Based on the foregoing, there was more than sufficient reason to hear and rule on appellee's petition. *See* TEX.R.APP. P. 66.3(a), (c) & (f). Specifically, the court of appeals' published decision in the instant case is in direct conflict with opinions of this court. As such, the decision to grant can hardly be characterized as "improvident." Because the court dismisses appellee's petition, rather than ruling on the merits, I dissent.

(Tex.Crim.App.1997); *Cacy,* 901 S.W.2d at 699 (exception to general waiver principles

exists for fundamental error).