The STATE of Texas, Appellant,

v.

Sean Eric SEIBERT, Appellee.

No. 05–03–01206–CR.

Court of Appeals of Texas,
Dallas.

July 9, 2004.

Charles Patrick Reynolds, Asst. Dist. Atty., Dallas, for appellant.

Robert T. Baskett, Lyon, Gorsky, Baskett & Haring, L.L.P., Dallas, for appellee.

Before Justices WHITTINGTON, WRIGHT, and LANG.

## OPINION

Opinion by Justice LANG.

The State appeals the trial court's order granting appellee Sean Eric Seibert's motion to quash and dismissing the indictment. In two issues, the State argues the

trial court erred in (1) testing the State's evidence at trial in its reconsideration and granting of appellee's motion to quash and (2) dismissing a facially valid indictment for the offense of stalking. For the reasons that follow, we resolve the first issue against the State and the second issue in its favor. Accordingly, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee was indicted for a class A misdemeanor charge of stalking.[1] Among other acts, appellee allegedly followed complainant without her knowledge, surreptitiously videotaping her as she went about her day. Later, he delivered some of these tapes to complainant's home. Complainant found the tapes and called the police. The indictment, which tracked of the Texas Penal Code § 42.072, alleged in pertinent part that appellee:

> did ... knowingly engage in conduct directed specifically toward ... complainant, that the defendant knew and reasonably believed the said complainant would regard as threatening bodily injury to the said complainant, to wit: *following* said complainant, and the defendant's said conduct would cause a reasonable person to fear, and did cause the said complainant to fear, bodily injury for the said complainant....

(Emphasis added.) Appellee discovered that the dates alleged in the indictment were dates he allegedly left the videotapes at complainant's home, not the dates he created the tapes. On April 26, 2002, appellee filed a motion to quash alleging, in part, that the word "following" as used in the statute is too vague to be constitutional and that "the indictment itself is vague and fails to give proper notice to the Defendant" of the actual criminal conduct he was alleged to have committed. The trial court denied this motion. On February 12, 2003, appellant filed a supplemental and amended motion to quash on essentially the same grounds. This, too, was denied. The case went to trial on July 21, 2003. Four days into the trial on the merits, but before the State had rested, the trial court granted appellee's original motion to quash the indictment and dismissed the jury. This appeal followed.

## DISCUSSION

### A. Standard of Review

■ When reviewing a trial court's ruling on a motion to quash, we will not reverse unless the court abuses its discretion. *Jones v. State*, 111 S.W.3d 600, 605 (Tex.App.-Dallas 2003, pet. ref'd) (citing *Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim.App.1981) (op. on reh'g); *State v. York*, 31 S.W.3d 798, 800–01 (Tex.App.-Dallas 2000, pet. ref'd)).

### B. Whether the Trial Court Tested the State's Evidence

In its first issue, the State complains about the trial court's action in conducting four days of a jury trial and then granting the motion to quash. The State contends that the trial judge improperly used the

---

1. Effective September 1, 2001, the Legislature raised the level of this offense from a Class A misdemeanor to a third-degree felony. The State filed this indictment on September 14, 2001, for the offense of stalking. However, the alleged conduct occurred on or about July 30, 2001, before the legislative change took place. *See* Act of May 26, 2001, 77th Leg., R.S., ch. 1222, §§ 2, 3, 2001 Tex. Gen. Laws 2795–96 (change in law applies to offenses committed on or after effective date of change). On September 19, 2001, upon presentment of the indictment, the case was transferred to the County Criminal Court No. 7, pursuant to code of criminal procedure art. 21.26, for trial as a misdemeanor. *See* Tex. Code Crim. Proc. Ann. art. 21.26 (Vernon 1989).

four days of trial to test the sufficiency of the State's evidence against the indictment. The State claims that once a trial has commenced, a trial judge lacks the authority to reconsider a motion to quash filed prior to that trial.

### 1. Applicable Law

■ A charging instrument that is valid on its face and returned by a legally constituted grand jury is sufficient to mandate trial of the charge on its merits. *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex.Crim.App.1995) (dissenting op. adopted on reh'g); *State v. Boado*, 8 S.W.3d 15, 17 (Tex.App.-Houston [1st Dist.] 1999) *pet. dism'd*, improvidently granted, 55 S.W.3d 621 (Tex.Crim.App. 2001). In most circumstances, a charging instrument which tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense and the State need not allege facts which are merely evidentiary in nature. *State v. Edmond*, 933 S.W.2d 120, 128 (Tex.Crim.App.1996); *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex.Crim.App. 1988); *York*, 31 S.W.3d at 800.

■ A motion to quash should be granted only where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed. *DeVaughn*, 749 S.W.2d at 67; *York*, 31 S.W.3d at 800–01. In making this determination, an indictment must be facially tested by itself under the law, as a pleading. *Rosenbaum*, 910 S.W.2d at 948. It can neither be supported nor defeated by evidence introduced at trial. *Id.; Boado*, 8 S.W.3d at 17; *see State v. Habern*, 945 S.W.2d 225, 227 (Tex.App.-Houston [1st Dist.] 1997, no pet.). A trial court that considers such evidence errs "grievously." *Habern*, 945 S.W.2d at 226 (citing *Rosenbaum*, 910 S.W.2d at 948).

### 2. Application of Law to Facts

■ The State asserts that the trial judge committed grievous error by relying upon the evidence offered at trial to determine the sufficiency of the indictment. However, the record does not support this contention. When the trial judge announced that he was granting the motion to quash, the State asked for specific findings. The trial judge declined to provide findings or disclose his reasoning. The trial judge's statement to the jurors as they were dismissed does not indicate clearly whether he considered the State's evidence presented at trial in granting appellee's motion to quash:

> At this time the Court has granted a motion to quash. That means that the Court has found as a matter of law that the pieces of paper that were filed in this case were not sufficient. After I heard the testimony up to this point, not—not discharging anybody, all I'm finding is that, at this time, the State has not given Defendant sufficient notice of the crime that he's charged with. And it's very complicated in this particular case because you've got two different days and you've got some other matters in here.
>
> I'm not going to comment any further on that. You're discharged for this case for the day and for the week.

Without a clear record reflecting the trial court's basis for granting the motion, we must assume the trial court considered the indictment only as a pleading, not in light of the evidence. *See Johnson v. Randall's Food Mkts., Inc.* 869 S.W.2d 390, 394 (Tex.App.-Houston [1st Dist.] 1993) (when record presented to court of appeals does not contain transcript describing basis for appellant's complaint, reviewing court cannot speculate as to reasons why trial court made certain decision) *rev'd on other grounds*, 891 S.W.2d 640

(Tex.1995); *c.f. Lackey v. State*, 638 S.W.2d 439, 457 (Tex.Crim.App.1982) (where trial court did not assign reason for excluding expert witness, a masters level psychologist, reviewing court could not assume trial court found witness lacked expertise as psychologist).

■ The State maintains that the trial court lacked authority to grant appellee's motion to quash after trial commenced. It argues that by reconsidering the motion to quash after trial began, the trial court effectively engaged in "sandbagging," in violation of the spirit of code of criminal procedure article 1.14 and the holding in *Van Dusen v. State*, 744 S.W.2d 279 (Tex. App.-Dallas 1987, no pet). In *Van Dusen*, this Court concluded that pursuant to article 1.14, a defendant waives all rights stemming from defects in the indictment unless he objects before trial commences. *Id.* at 280. However, this is not the issue in the case before us. Here, appellee filed two motions to quash the indictment well before trial commenced.

As the State acknowledged at oral argument, neither *Van Dusen* nor article 1.14 directly supports the claim that a trial court should not grant a motion to quash after trial begins. Further, we can find no such prohibition in the case law or statutes. The law requires only that the court evaluate the validity of the indictment based solely upon the language within its four corners, as a pleading. *See Rosenbaum*, 910 S.W.2d at 948; *Brasfield v. State*, 600 S.W.2d 288, 294–95 (Tex.Crim. App.1980), *overruled on other grounds by Janecka v. State*, 739 S.W.2d 813 (Tex. Crim.App.1987); *State v. Kinkle*, 902 S.W.2d 187, 190 (Tex.App.-Houston [14th Dist.] 1995, no pet.). The record does not show that the trial court considered anything other than the indictment as a pleading. Accordingly, we resolve the State's first issue adversely to it.

## C. Whether the Trial Court Erred by Dismissing a Facially Valid Indictment

In a second issue, the State claims the court erred in dismissing a facially valid indictment. Appellee contends that the trial court properly dismissed the indictment because the term "following" as used in the statute is unconstitutionally vague and, due to that vagueness, the indictment failed to adequately notify appellee of the criminal conduct in which he was allegedly engaged. In his motion to quash, appellee argued that use of the term "following" provided sufficient notice only if it meant "an accused is in reasonable physical proximity to the other person and that both know of the following at the time of the conduct." To propose any other meaning, appellee argues, would force persons of ordinary intelligence to guess at the scope of the statute's meaning. It is appellee's contention that because the term "following" cannot be given "a specific, recognizable meaning," the statute does not give fair notice and is constitutionally void. Further, appellee argues that even if this Court finds the statute is constitutional, the indictment itself is too vague to provide proper notice, since "following" may encompass non-criminal activity.

### 1. Applicable Law

#### a. Constitutionality of the Statute

■ When reviewing the constitutionality of a statute, we presume the statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting it. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978); *Lewis v. State*, 88 S.W.3d 383, 392 (Tex. App.-Fort Worth 2002, pet. ref'd). The burden rests on the party challenging the statute to establish its unconstitutionality. *Cotton v. State*, 686 S.W.2d 140, 145 (Tex.

Crim.App.1985); *Lewis,* 88 S.W.3d at 392. We uphold the statute if we can determine a reasonable construction that will render it constitutional and carry out the legislative intent. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979); *Lewis,* 88 S.W.3d at 392.

■■■■ To pass a vagueness challenge, a criminal statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Lewis,* 88 S.W.3d at 392; *Sisk v. State,* 74 S.W.3d 893, 901 (Tex.App.-Fort Worth 2002, no pet.). Also, the law must establish determinate guidelines for law enforcement. *Sisk,* 74 S.W.3d at 901; *Battles v. State,* 45 S.W.3d 694, 703 (Tex.App.-Tyler 2001, no pet.). A statute is not rendered unconstitutionally vague merely because words or terms are not specifically defined. *Sisk,* 74 S.W.3d at 901(citing *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App.1988)).

### b. Notice Required in the Indictment

A charging instrument which tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense, and the State need not allege facts which are merely evidentiary in nature. *State v. Edmond,* 933 S.W.2d 120, 128 (Tex.Crim.App. 1996); *DeVaughn,* 749 S.W.2d at 67; *York,* 31 S.W.3d at 800.

### 2. *Application of Law to Facts*

### a. Constitutionality of the Statute

■■■■ The First, Second, and Twelfth Courts of Appeal have addressed the constitutionality of Texas Penal Code § 42.072. *See Lewis,* 88 S.W.3d at 392; *Sisk,* 74 S.W.3d at 901; *Battles,* 45 S.W.3d at 702–03; *Clements v. State,* 19 S.W.3d 442, 450–51 (Tex.App.-Houston [1st Dist.] 2000, no pet.). We agree with these courts' holdings in concluding that the current version of the stalking statute is not

unconstitutionally vague. *See Lewis,* 88 S.W.3d at 392; *Sisk,* 74 S.W.3d at 901; *Battles,* 45 S.W.3d at 702–03; *Clements,* 19 S.W.3d at 450–51. The statute prohibits conduct that causes another person to be placed in fear of bodily injury or death, and which would cause a reasonable person to fear bodily injury for herself. *See* TEX. PEN.CODE ANN. § 42.072(a)(2)-(3) (Vernon 2003). Also, the statute specifies that an element of the offense of stalking is "engaging in conduct ... that the actor knows or reasonably believes the other person will regard as threatening." *Id.* § 42.072(a)(1). Therefore, a person who knows or reasonably believes his conduct will be regarded as threatening bodily injury or death is put on notice that his conduct is prohibited. *Lewis,* 88 S.W.3d at 392; *Clements,* 19 S.W.3d at 450. We conclude the stalking statute is not unconstitutionally vague.

### b. Notice Required in the Indictment

■■■■ We disagree with appellee's position that the indictment is too vague to provide proper notice. The indictment tracks the language of the statute, and names the victim and dates of alleged acts. It alleges the conduct in which appellee engaged, i.e., "following." Additionally, it alleges that conduct was directed specifically toward complainant. Finally, the indictment alleges that appellee knew and reasonably believed complainant would regard such conduct as threatening bodily injury to herself. The term "following," alleged in the indictment, is not so broad as to encompass non-criminal activities.

We note that appellee's arguments in support of his motion to quash are fact-based, relying on the contention that his surreptitious videotaping and later delivery of the tapes to complainant do not constitute "following." Appellee's position amounts to an evidentiary insufficiency ar-

gument. Such an attack should be made after the close of the State's evidence on a motion for instructed verdict. In respect of a motion to quash an indictment, a trial court must test the indictment on its face, as a pleading, not by what evidence may support it. Accordingly, because the trial court dismissed the indictment, we may not test the evidence even if we decided to evaluate the record based upon appellee's theory.

The stalking statute is not unconstitutionally vague and the indictment was facially sufficient to notify appellee of what he was accused. We resolve this issue favorably to the State.

## CONCLUSION

■ Having resolved the first issue adversely to the State, we conclude that the trial court did not test the State's evidence in considering appellee's motion to quash and thus did not err in this regard. However, we resolved the second issue in the State's favor. Because the stalking statute is not unconstitutionally vague and the indictment was factually sufficient to notify appellee of the accusations against him, we conclude the trial court abused its discretion in granting appellee's motion to quash.

Having determined the trial court abused its discretion, we reverse the trial court's order and remand this cause for further proceedings.