**Opinion issued December 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00956-CR**

———————————

**KERRY BERNARD LAURENT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Case No. 1886153**

# O P I N I O N

Appellant, Kerry Bernard Laurent, was charged by information with interference with public duties.[1] Appellant filed motions to quash and to suppress. After a hearing, the trial court denied the motions. Appellant pleaded guilty

---

[1]     *See* TEX. PENAL CODE ANN. § 38.15(a) (Vernon 2011).

pursuant to a plea agreement, subject to his right to challenge the ruling on the motions on appeal. In one issue on appeal, Appellant argues that the trial court should have granted his motions because the stipulated evidence established that the State could not prove that there were any public duties with which Appellant could have interfered.

We affirm.

## Background

Officer M. Contreras is an officer with the Houston Police Department. He was driving to work on the morning of March 24, 2013 when he observed a vehicle on the side of the road, which appeared to have been involved in an accident. Officer Contreras stopped to investigate. During that time, Appellant drove up, got out of his vehicle, and became confrontational with Officer Contreras. After Appellant refused his instructions to leave the scene of the accident, Officer Contreras arrested Appellant. The parties stipulated at trial that Officer Contreras was outside of the jurisdiction of the Houston Police Department at all relevant times.

After he was charged, Appellant filed a motion, entitling it as both a motion to quash and a motion to suppress. Appellant argued that, because he was outside of his jurisdiction, Officer Contreras did not have any duties or authority imposed or granted by law with which Appellant could have interfered. Appellant asked the

2

court "to quash this information for failure to state a cause of action, and to suppress all evidence obtained by Officer Contreras in this case."

The trial court held a hearing on the motions. Appellant and the State stipulated to the facts relevant to the determination of whether Officer Contreras was performing any public duties at the time in question. At the end of the hearing, the trial court denied the motions. A month later, Appellant entered into a plea agreement with the State subject to his right to appeal the trial court's denial of his motions. The trial court accepted the plea agreement, found appellant guilty, assessed punishment as time already served, and certified Appellant's limited right to appeal.

## Motion to Quash and to Suppress

In his sole issue on appeal, Appellant argues that the trial court should have granted his motions because the stipulated evidence established that the State could not prove that there were any public duties with which Appellant could have interfered. The State argues that this complaint has not been preserved for appeal. We agree.

A motion to quash challenges whether the charging instrument alleges "*on its face* the facts necessary to show that the offense was committed, to bar a subsequent prosecution for the same offense, and to give the defendant notice of precisely what he is charged with." *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex.

3

Crim. App. 1988) (emphasis added); *see also* TEX. CODE CRIM. PROC. ANN. art. 27.08 (Vernon 2006) (identifying only permissible exceptions to indictments or informations). It cannot be used to challenge the sufficiency of the evidence to support an element of the alleged offense. *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007); *see also State v. Kinkle*, 902 S.W.2d 187, 190 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (holding trial court may not look behind indictment to determine whether evidence supports indictment).

A motion to suppress is brought to exclude evidence from trial that was obtained "in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). It cannot be used to suppress evidence on an illegal arrest itself. *Woods v. State*, 153 S.W.3d 413, 415 n.9 (Tex. Crim. App. 2005).

Appellant's motions did not identify any facial defects in the information, nor did they identify any evidence obtained as a result of his arrest that should be excluded from trial. Accordingly, Appellant failed to present any proper grounds for the trial court to grant a motion to quash or a motion to suppress.

Instead, Appellant argued in his motions that the evidence was insufficient to support at least one element of the charged offense.[2] "The purpose of a pre-trial motion is to address preliminary matters, not the merits of the case itself." *Id.* at 415. A "pre-trial motion, cannot be used to 'argue that the prosecution could not prove one of the elements of the crime.'" *Lawrence*, 240 S.W.3d at 916 (quoting *Woods*, 153 S.W.3d at 415). This is true even if the challenge would require only a legal determination. *State v. Boado*, 8 S.W.3d 15, 17 (Tex. App.—Houston [1st Dist.] 1999), *pet. dism'd, improvidently granted*, 55 S.W.3d 621 (Tex. Crim. App. 2001). A trial court "grievously errs" if it makes sufficiency-of-the-evidence determinations pretrial. *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994). We hold that Appellant's pretrial motions and the subsequent hearing have not presented anything for our review.

Appellant points out that, as part of the plea agreement, the State stipulated before the trial court that it would "not argue on appeal that the issue was not preserved at the trial court level." Regardless of whether the State has violated this stipulated agreement and of whatever consequences may follow from any such

---

[2] As it applies to Appellant, "[a] person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." PENAL § 38.15(a)(1). Appellant argued in his motions that, because he was not operating within the jurisdiction of the Houston Police Department, Officer Contreras could not have been "performing a duty or exercising authority imposed or granted by law."

violation, this Court is required to determine that a matter has been preserved for appeal before considering the merits of the argument. *See* TEX. R. APP. P. 33.1(a) (establishing preservation of complaint at trial court level as prerequisite to presenting complaint on appeal). Accordingly, preservation of a complaint is a matter that we must consider regardless of any agreements between the parties to not brief it.[3]

Appellant relies on a Corpus Christi Court of Appeals opinion to argue that a motion to quash attacking the legal sufficiency of the charging instrument can be challenged on appeal. *See Cuellar v. State*, 957 S.W.2d 134 (Tex. App.—Corpus Christi 1997, pet. ref'd). In *Cuellar*, the defendant had been charged with intoxication manslaughter. *Id.* at 136. The defendant brought a motion to quash, arguing the complainant was a fetus "and, therefore, was not an 'individual' within the legal meaning of that term." *Id.* The State argued that the matter could not be considered on appeal because it had been raised in a motion to quash. *Id.* at 137. The court of appeals held that, because it had participated in the hearing, stipulated to evidence, and "agreed to the stipulations 'in the interests of a speedy resolution

---

[3] Because the parties did, in fact, brief the matter of preservation, we do not need to determine whether an agreement between the parties not to brief the court on a matter that the court is required to consider could amount to a violation of the duty of candor to the court or would otherwise be void as against public policy. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.03(a)(4), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. A (Vernon 2005) (Tex. State Bar R., art. X, § 9).

of questions of law,'" the State was barred from challenging consideration of the complaint on appeal. *Id.*

We begin by noting that the appeal in *Cuellar* followed a trial on the merits. *Id.* at 136. Accordingly, it was entirely proper to consider the issue on appeal, albeit as a challenge to the sufficiency of the evidence rather than as a challenge to the motion to quash. We also note that this holding in *Cuellar* has not been applied in the 17 years since its issuance. Instead, one court of appeals has declined to follow it and recognized that the opinion has been strongly criticized. *State v. Rogers*, 138 S.W.3d 524, 527 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing 41 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 21.32 (2001)).

Furthermore, we find the application of the holding in *Cuellar* to be unworkable. By applying *Cuellar*, we would effectively be holding that the State's participation in the hearing and stipulating to evidence *creates* preservation on a pretrial motion that does not exist. *See Rosenbaum*, 910 S.W.2d at 948 (holding "there is no constitutional or statutory authority for an accused to raise and for a trial court to determine sufficiency of the evidence to support or defeat an alleged element of an offense" pretrial and trial court "grievously errs" by ruling on sufficiency of evidence pretrial).

Upon such a holding, we would then have to determine how to review this otherwise nonexistent motion. As we have held, despite the motion's title, Appellant did not actually file a motion to quash or a motion to suppress. We have no justification, then, to rely on the standard of review for either motion. A motion to quash does not involve the consideration of evidence. *See DeVaughn*, 749 S.W.2d at 67 (holding motion to quash challenges facial validity of charging instrument). Accordingly, its standard of review provides no instruction on how to review the evidence in this case.

A motion to suppress is a specialized challenge to the admissibility of evidence. *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012). Appellant is not seeking to exclude any evidence. Accordingly, there is no reason to conclude that the standard of review for a motion to suppress is applicable here. Absent further guidance from the Court of Criminal Appeals about whether preservation can be created in this manner and about the proper standard of review, we decline to adopt the holding of *Cuellar*.

Appellant also argues that "where the parties agree to stipulate to certain facts and the court accepts that stipulation, where the parties argue the proper application of the law to those facts, and where the parties agree not to argue the preservation issue on appeal, the State is precluded from" arguing that the Court cannot consider the sufficiency of the evidence to support the information. This is,

in essence, an estoppel argument. There are at least two forms of estoppel in criminal cases: estoppel by judgment and estoppel by contract. *Ex Parte Parrott*, 396 S.W.3d 531, 541 (Tex. Crim. App. 2013). Estoppel by judgment prevents a party that has accepted the benefits of a judgment from challenging its validity and from rejecting its burdensome consequences. *Id.* Estoppel by contract has the same effect on contracts. *Id.* A party who accepts the contract's benefits cannot later challenge its validity. *Id.*

Appellant argues that, by obtaining a guilty plea agreement—and the subsequent judgment—of guilt when the legal sufficiency of the charged offense is questionable, the State is estopped from preventing the consideration of the sufficiency of that evidence when such a review was a condition of Appellant's plea of guilt. We reject this argument for the same reasons we reject the argument of waiver. By applying estoppel to this situation, we would be reviewing the trial court's ruling on a matter it is not permitted to consider under a standard of review that does not exist.

We are cognizant that the disposition of this opinion frustrates a central condition of Appellant's agreement to plead guilty. Appellant has not challenged on appeal the continuing validity of his plea agreement, however. Additionally, our disposition does not leave Appellant without any relief for any harm he may have suffered. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (Vernon 2005).

9

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Publish.  TEX. R. APP. P. 47.2(b).