**Affirmed and Memorandum Opinion filed May 24, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00111-CR

**LEIROI  MICKELE DANIELS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1399598**

## M E M O R A N D U M   O P I N I O N

Appellant Leroi Mickele Daniels appeals the trial court's denial of his pre-trial motions to quash his indictment for the offense of misapplication of fiduciary property.[1]   After the denial of the motions, appellant pleaded no contest to the charges and the trial court deferred a finding of guilt and assessed punishment at five years of community supervision.  Appellant challenges the court's denial of his motion in one issue.  We affirm.

---

[1] Tex. Penal Code Ann. § 32.45(b) (West 2010).

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted for the offense of misapplication of fiduciary property with a value over twenty thousand dollars and under one hundred thousand dollars. Tex. Penal Code Ann. § 32.45(b), (c)(5) (West 2010). The property at issue was a Mercedes-Benz automobile that was the subject of an asset forfeiture lawsuit in Harris County. The first paragraph of the indictment alleged that appellant:

> did then and there unlawfully, while a fiduciary, namely a co-surety to the Court's replevy bond, intentionally and knowingly misapply property to wit: a 2000 Mercedes Benz S 500 with a motor vehicle identification number of WDBNG75J4YA039643 of value of over twenty thousand dollars and under one hundred thousand dollars by dealing with said property contrary to an agreement under which the Defendant held the property and in a manner that involved substantial risk of loss to the 157th District Court, the owner, of said property by selling the vehicle and failing to return the motor vehicle to the court on the day of trial.

The second paragraph of the indictment alleged that appellant:

> did then and there unlawfully, while a fiduciary, namely a co-surety to the Court's replevy bond, recklessly misapply property to wit: a 2000 Mercedes Benz S 500 with a motor vehicle identification number of WDBNG75J4YA039643 of a value of over twenty thousand dollars and under one hundred thousand dollars by dealing with said property contrary to an agreement under which the Defendant held the property and in a manner that involved substantial risk of loss to the 157th District Court, the owner, of said property by not abiding by the conditions in the replevy bond and chapter 59.02 of the Code of Criminal Procedure by failing to return the motor vehicle to the court on the day of trial and by selling the vehicle and using the proceeds from the sale of the above referenced property to purchase a motor vehicle for Rhoda Daniels.

Appellant filed three pretrial motions challenging the indictment: a "Motion to Quash and Exception to Substance of the Indictment"; an "Amended Motion to

Quash and Exceptions to Substance of Indictment and Memorandum of Support";
and "Defendant's Second Amended Motion to Quash and Exceptions to Substance
of Indictment." The court denied all three motions. Following the denial of the
second amended motion, appellant entered a plea of "no contest" without an
agreed-upon recommendation as to punishment. After reviewing the Pre-Sentence
Investigation Report prepared by the Harris County Community Corrections
Department, the trial court deferred a finding of guilt and assessed punishment at
five years of community supervision. Appellant timely filed this appeal.

## ANALYSIS

Appellant raises one issue on appeal: that the trial court erred in denying his
motions to quash because, although he did sell the Mercedes and fail to return it to
court, such conduct was not criminal. Appellant contends that the indictment does
not demonstrate that he engaged in any criminal conduct because it contains
several "legal impossibilities." Appellant asserts that, contrary to allegations
contained in the indictment: (1) he, not the 157th District Court, is the actual owner
of the Mercedes; (2) he did not have a fiduciary duty; and (3) there was no
substantial risk of loss because of the existence of the court's replevy bond.
Appellant argues that these facts render the indictment "fatally flawed."

Whether an indictment is sufficient is a matter of law. *Smith v. State*, 309
S.W.3d 10, 13 (Tex. Crim. App. 2010). We therefore review a trial judge's ruling
on a motion to quash the indictment *de novo*. *Id.* at 13–14. "A motion to quash
challenges whether the charging instrument alleges '*on its face* the facts necessary
to show that the offense was committed, to bar a subsequent prosecution for the
same offense, and to give the defendant notice of precisely what he is charged
with.'" *Laurent v. State*, 454 S.W.3d 650, 653 (Tex. App.—Houston [1st Dist.]
2014, no pet.) (quoting *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App.

3

1988)).

Appellant is not challenging whether the elements of the offense are properly stated, but rather is attempting to negate the elements by demonstrating that the allegations are not true. This is not a proper use of a pretrial motion to quash an indictment. A trial court has "no constitutional or statutory authority" to consider evidence raised by the defendant in order to refute the allegations in an indictment. *State v. Gollihar*, 2010 WL 3700790, at *2 (Tex. Crim. App. Sept. 22, 2010) (per curiam). Whether appellant is the owner of the car, whether he has a fiduciary duty, and whether there was a substantial risk of loss are questions that ultimately bear on appellant's guilt, not on the sufficiency of the charging instrument. Appellant concedes that the indictment tracks the language of the statute and, therefore, is sufficient to charge an offense. However, appellant asked the trial court, and asks this court now, to improperly extend the scope of pretrial procedure in order to determine whether "the State's cache of evidence . . . support[s] an element alleged in the indictment." *State v. Boado*, 8 S.W.3d 15, 17 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd). To do so would be to "err[] grievously." *Id.* (internal citations omitted). Accordingly, we conclude that the trial court did not err in denying appellant's motion to quash.

We affirm.

/s/     Marc W. Brown
        Justice

Panel consists of Justices Jamison, Donovan, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).

4