George Deshawn **WOODS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–02–00059–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 21, 2003.

Chad P. Ellis and David M. Irwin, Ellis & Irwin, P.C., Richmond, for Appellant.

Josh McCown, District Attorney, Wharton, for Appellee.

Robinson C. Ramsey, Soules & Wallace, P.C., San Antonio, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

## OPINION

Opinion by Justice HINOJOSA.

Pursuant to a plea agreement, appellant, George Deshawn Woods, pleaded guilty to

the offense of evading arrest.[1] The trial court found him guilty and, in accordance with the plea agreement, assessed appellant's punishment at ninety days confinement in the county jail and a $250 fine; the confinement was suspended and appellant was placed on community supervision for one year. The trial court has certified that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." See Tex.R.App. P. 25.2(a)(2). By a single point of error, appellant contends the trial court erred in denying his motion to suppress the detention, arrest, and all evidence obtained from him after the investigative detention. We reverse and remand.

## A. Background

On August 9, 2001, Jeremy Eder ("Eder"), a licensed peace officer employed by the City of Wharton, was on routine patrol when he observed appellant sitting between two older males on a bench outside the Kozy Korner bar, a high crime area known for drug trafficking. As Eder drove by, he saw what appeared to be a "Swisher Sweet" cigar behind appellant's right ear. When appellant looked in Eder's direction, Eder observed appellant turn his head abruptly to the right. Because Eder knew that these types of cigars often contain marihuana, and he knew appellant had a history of drug arrests and evading officers, he decided to investigate further. Eder circled the block, parked in front of the Kozy Korner, and began to approach appellant. As he approached, Eder noticed that the cigar was no longer behind appellant's ear. Eder then contacted appellant, identified himself as a peace officer, and asked appellant to stand and put his hands on his head. As Eder

reached toward appellant to pat him down, appellant ran away. Eder proceeded to pursue appellant, apprehended him, and arrested him for evading arrest or detention.

## B. Standard of Review

A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App.1999); Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim.App.1985). The trial court is the sole trier of fact and judge of the weight and credibility of the evidence, and the reviewing court may not disturb supported findings of fact, absent an abuse of discretion. State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim.App.1999). We must afford almost total deference to the trial court's determination of facts supported by the record and its rulings on application of law to fact, or "mixed" questions of law, when those fact findings involve an evaluation of the credibility and demeanor of witnesses. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim.App.1999); Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). However, we review de novo mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor. Oles, 993 S.W.2d at 106; Maestas, 987 S.W.2d at 62; Guzman, 955 S.W.2d at 89. When the issue is whether, under the totality of the circumstances, an officer had probable cause to seize a suspect, the trial judge is not in an appreciably better position than the reviewing court to make that determination. Guzman, 955 S.W.2d at 87; see also Loserth v. State, 963 S.W.2d 770, 772 (Tex.Crim.App.1998). Therefore, we will review appellant's issue concerning whether the officer had sufficient reasonable suspicion to justify an investigative detention

1. See Tex. Pen.Code Ann. § 38.04 (Vernon 2003).

by looking at the totality of the circumstances.

## C. Illegal Detention Claim

By his sole point of error, appellant contends that there was not sufficient reasonable suspicion for his detention.

A law enforcement officer may conduct a brief investigative detention, or "*Terry* stop," when he has a reasonable suspicion to believe that an individual is involved in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App.2002); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex.Crim.App.2000). Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim.App.2001); *Woods v. State*, 956 S.W.2d 33, 35 (Tex.Crim.App.1997). The articulated facts that support a temporary detention must be taken as a whole, and the reasonable suspicion formed must be based on the totality of the circumstances. *Woods*, 956 S.W.2d at 38. Where the initial detention is unlawful, any evidence seized subsequent to such a detention is inadmissible. *Gurrola v. State*, 877 S.W.2d 300, 302 (Tex.Crim.App.1994).

In the present case, Officer Eder testified that he observed appellant, a person with a record of drug-related arrests, seated between two older men on a bench in a high crime/high drug trafficking area. He saw a brown cigar behind appellant's right ear, and stated that from his training and experience, he knew that such cigars were often cut open and filled with marihuana. Once appellant noticed Eder, he abruptly turned his head, which Eder construed as an effort to conceal the cigar. Eder then drove around the block, parked his car, and approached the appellant. As he approached, he no longer saw a cigar behind appellant's ear.

Considering the totality of the circumstances, we find Officer Eder did not have a reasonable suspicion that appellant was engaged in criminal activity. The fact that appellant was in a known high crime area is not alone a basis for an investigative stop. *Id.* at 303. Eder had no prior report that day concerning drug dealing by someone resembling appellant. Furthermore, Eder was unable to see if, in fact, the item was a cigar or whether it had any cuts in it or contained any marihuana. Finally, the turning of appellant's head does not constitute suspicious behavior. Therefore, we conclude the investigatory detention of appellant was illegal. Appellant's sole point of error is sustained.

The trial court's order denying appellant's motion to suppress is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.