IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1693-03






GEORGE DESHAWN WOODS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


WHARTON COUNTY
 




 Meyers, J. , delivered the opinion of the Court, in which Keller, P.J., and
Price, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., join. Womack, J.,
concurs. 


O P I N I O N 


 

 

 Appellant George DeShawn Woods pleaded guilty to a charge of Evading Arrest or
Detention under Texas Penal Code, Section 38.04. Appellant then filed an appeal with the
Thirteenth Court of Appeals in Corpus Christi pursuant to Texas Rule of Appellate Procedure
25.2(b)(3). (1) Appellant appealed the ruling of the trial court which denied his motion to suppress
evidence. The court of appeals reversed the ruling of the trial court and remanded the case for
further proceedings. (2) We will reverse the decision of the court of appeals. While on patrol on August 9, 2001, Officer Jeremy Eder approached Appellant, George
DeShawn Woods, after observing what he thought was suspicious activity on the part of Woods. 
Specifically, Officer Eder testified that Woods was sitting on the porch of a bar in a known drug-trafficking area with what appeared to be a cigar tucked behind his ear. Officer Eder also
testified that these types of cigars were routinely hollowed out for smoking marijuana, and that
Woods turned his head away in what seemed to be an attempt to conceal the cigar from him
when he drove by in his patrol car. Officer Eder decided to investigate further and circled his
patrol car, coming back to the front of the bar. When he approached Woods, Officer Eder then
noticed that the cigar was missing, and he told Woods to put his hands on his head so that he
could perform a pat-down check for weapons. As Officer Eder reached out to check Woods for
weapons, Woods ran. Officer Eder pursued, and Woods was apprehended and arrested for
evading arrest or detention. 

 Woods pleaded guilty to the charge of Evading Arrest or Detention, and was sentenced to
90 days in the county jail, which was probated for one year, as well as a fine of $250.00. He
appealed the trial court's denial of his motion to suppress evidence.

 Appellant argued in his initial appeal that Officer Eder had no reasonable suspicion to
detain him. Therefore, he contended the detention was illegal, and his arrest should have been
suppressed under Texas Code of Criminal Procedure, Article 38.23. (3) The trial court denied the
motion to suppress. The court of appeals reversed the trial court's ruling, stating that there were
no specific, articulable facts leading to a reasonable suspicion on the part of Officer Eder that
would make the detention lawful. (4) 

 The State argues that the court of appeals misapplied Texas law in failing to find that
specific, articulable facts, coupled with the rational inferences from these facts, in light of the
officer's knowledge, reasonably warranted Officer Eder's detention of Woods for further
investigation. The State also contends that the arrest would have been warranted anyway under
the probable cause to arrest standard. It is unnecessary to address either of these two points,
however, as we instead conclude that a pre-trial motion to suppress is not an appropriate vehicle
for litigating an element of the offense.

 In his motion to suppress, Appellant claimed that the Wharton Police Department
violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to
the United States Constitution. He also asserted that the police department violated his rights
under Article I, Section 9, of the Texas Constitution. Appellant requested the suppression of
evidence of his arrest, as well as any testimony given by police officers concerning any of
Woods' conduct after the time that Officer Eder detained him. Appellant claims he was entitled
to have this information suppressed under the fruit of the poisonous tree doctrine, as well as
pursuant to Texas Code of Criminal Procedure, Article 38.23. 

 However, there is a more fundamental question in this case that neither the court of
appeals nor the parties addressed: whether there is constitutional or statutory authority for a
defendant to raise, and for a trial court to determine, before trial the legality of a seizure of a
defendant in a prosecution for the offense of evading arrest or detention under Section 38.04 of
the Penal Code? Because this question was not resolved before the merits of the pre-trial motion
to suppress could be resolved, we asked the parties to submit supplemental briefs on this point. 
They have done so. We now conclude that the statutes authorizing pre-trial proceedings do not
contemplate a "mini-trial" on the sufficiency of the evidence to support an element of the
offense. (5)

 By asking for the trial judge to suppress the arrest, and the details of his flight and evasion
of the detention by Officer Eder, Appellant was in effect asking the trial judge to rule on whether
the prosecution had proof of an element of the offense. The purpose of a pre-trial motion is to
address preliminary matters, not the merits of the case itself. (6) Preliminary matters are those
issues that can be determined before there is a trial on the general issue of the case. (7) 

 Appellant in essence tried to argue that the prosecution could not prove one of the
elements of the crime; the prosecution could not prove the detention that he evaded was lawful. (8) 
If the trial judge granted the motion for suppression of the flight and ensuing arrest, the State
could no longer prosecute Woods for evading detention. Appellant was asking the judge to rule
whether or not an offense had actually been committed. (9)

 We conclude that because the issue was improperly raised in a pre-trial motion to
suppress, the court of appeals erred in reversing the trial court's ruling. The judgment of the
Thirteenth Court of Appeals is reversed, and the trial court's judgment affirmed.

 Meyers, J. 


Delivered: January 12, 2005

Publish


 

 

 

 

 

 

 

 






 
1. Texas Rule of Appellate Procedure 25.2(b)(3) states that if an appeal is from a judgment
rendered on the defendant's plea of guilty, a defendant may only appeal "those matters that were
raised by written motion and filed and ruled on before trial, or after getting the trial court's
permission to appeal."
2. George DeShawn Woods v. State, 115 S.W. 3d 209, 212 (Tex. App. - Corpus Christi
2003). 
3. Texas Code of Criminal Procedure, Article 38.23 states in relevant part: "No evidence
obtained by an officer or other person in violation of any provisions of the Constitution or laws
of the State of Texas, or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case."
4. George DeShawn Woods v. State, 115 S.W. 3d 209, 212 (Tex. App. - Corpus Christi
2003). 
5. See State v. Rosenbaum, 910 S.W. 2d 934, 948 (Tex. Crim. App. 1995)(finding that
Judge Clinton's dissenting opinion on original submission was correct in holding that "in a pre-trial setting, there is neither Constitutional nor statutory authority for an accused to raise and for a
trial court to determine sufficiency of evidence to support or defeat an alleged element of an
offense such as 'materiality' in a perjury case"). See also State v. Habern, 945 S.W. 2d 225, 226
(Tex. App.- Houston [14th Dist.] 1997, no pet.) ("In a pre-trial setting, there is neither
constitutional nor statutory authority for a defendant to test- or for a trial court to determine- the
State's cache of evidence to support an element alleged in the indictment"); and State v. Boado, 8
S.W. 3d 15 (Tex. App. - Houston [1st Dist.] 1999), pet. improvidently granted, 55 S.W. 3d 621
(Tex. Crim. App. 2001)(refusing to test the State's evidence at a pre-trial hearing). 
6. Id. See also State v. Bartee, 894 S.W.2d 34, 40 n.4 (Tex. App. - San Antonio 1994, no
pet.).
7. Asking for a ruling on whether an element of the offense can be proven is akin to asking
for a pre-trial ruling to establish: alibi; proof of a deadly weapon in an aggravated robbery;
consent in a sexual assault; or proof of a victim's age in an aggravated sexual assault of a child
case. Establishing proof of the elements of an offense is a trial, not pre-trial, issue.
8. See Texas Penal Code Section 38.04(a): "A person commits an offense if he intentionally
flees from a person he knows is a peace officer attempting lawfully to detain him." (emphasis
added)
9. It is appropriate to note here that a problem arises in this situation because of the
particular nature of the offense. In most cases, evidence obtained through an unlawful detention
would most likely be properly contested in a pre-trial hearing. Here, however, asking the court to
suppress evidence of the arrest itself as the product of an unlawful detention was in effect asking
the trial judge to rule on the ultimate question of the case.